501 P.2d 942

**Henry FOGGY, Appellant,**

**v.**

**ARIZONA BOARD OF PARDONS AND PAROLES; Keith E. EDWARDS, Chairman, Walter S. Michael, Vice Chairman, Walter G. Jacobs, Member, Real Parties in Interest, Appellees.**

**No. 10711.**

Supreme Court of Arizona,
In Banc.

Oct. 6, 1972.

Rehearing Denied Nov. 14, 1972.

Henry Foggy, in pro. per.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellees.

CAMERON, Vice Chief Justice.

This is an appeal from an order of the Superior Court of Pinal County denying petitioner's complaint for administrative review and/or statutory special action.

We are called upon to determine whether the Superior Court has jurisdiction to review a decision of the Arizona Board of Pardons and Paroles which denied, after hearing, an application for parole.

The facts necessary for a determination of this matter are as follows. Petitioner was sentenced in 1965 to the Arizona State Prison for a term of life imprisonment. This sentence was later modified to a term of 11 years to life. See State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966) and State v. Foggy, 107 Ariz. 307, 486 P.2d 789 (1971). See also Foggy v. State of Arizona ex rel. Eyman, 107 Ariz. 532, 490 P.2d 4 (1971). On 28 September 1970, petitioner personally appeared before the Arizona Board of Pardons and Paroles for a hearing on his application for parole which after a 10 minute hearing was denied. Although petitioner applied again for parole on 16 March 1971, he declined to appear

personally, since in his words, such an appearance would have been "useless."

On 20 September 1971, plaintiff-prisoner appeared before the Arizona Board of Pardons and Paroles for consideration of his application for parole. At the conclusion of a 10–15 minute hearing, he was asked to wait outside the hearing room and after a short deliberation by the Board, the petitioner was informed in writing that his application had been denied. Petitioner wrote the Arizona Parole Board requesting information concerning the Board's decision to which the Board's Vice Chairman responded. The letter stated in part as follows:

"In reply to your letter of September 27, 1971, I am sorry that I cannot outline the Board's reasons for denying you a parole on September 20, 1971. Of course, we could not consider you if you were not present, which accounts for your denial on the date you were not before the Board.

"At none of your hearings has the Board felt that you are a good parole risk.

"The Board may arrive at this conclusion by going over your record and assessing your future by comparing it with your past. We look at the whole man in every respect, including his appearance before the Board, his record in the prison and any other information that we might have. Your record is one of severe violence, and I do not hesitate in telling you that I look upon a man's violence in his record as being an indication as to what he might do in the future, when there is nothing else to change my opinion.

"We have no policy about revealing our reasons for our decision simply because it is very difficult to give the reasons of every individual member for denying or even granting a parole in any particular case. It is not that we do not want the man to know why he is denied, but that the reasons are varied and many in every case. I would like to help you in determining your future conduct by telling you that your real record in prison goes a long way with the Board in determining your chances for parole."

The prisoner then filed a petition in the Superior Court of Pinal County entitled "Complaint for Administrative Review and/or Statutory Special Action." The Superior Court issued the following minute entry:

"The Court treating the above entitled cause as a Petition for Writ of Habeas Corpus, and being fully advised in the premises ORDERS denying Complaint for Administrative Review and/or Statutory Special Action for the reason that the Court does not have jurisdiction to review decisions of the Parole Board."

Appellant brings this appeal contending that the Superior Court does have authority under our statutes to review the decisions of the Arizona Board of Pardons and Paroles.

"A. The board of pardons and paroles shall have *exclusive power* to pass upon and recommend reprieves, commutations, paroles and pardons. * * *" § 31–402 A.R.S. (Emphasis added)

■ While we agree that the Superior Court has the power to review proceedings of the Board to determine the absence of due process in the conduct of a parole hearing, it is apparent that the legislature intended, by giving the Board the "exclusive power" to grant parole, to deny the courts the right to review the decisions of the parole board:

"We hold that the Respondent Judge may require that the records of the proceedings before the Board be certified to the Superior Court to determine the presence or absence of due process and the presence or absence of a meaningful hearing. We hold that if these tests are not met, the matter, may be returned to the Board for further proceedings. We hold that the Superior Court cannot direct the Board to return to particular recommendation. * * *

\* \* \* \* \* \*

"We further hold that the Superior Court cannot substitute its recommendation for that of the Board." State ex

rel. Ariz. St. Bd. of Pardons & Paroles v. Superior Court, 12 Ariz.App. 77, 82, 467 P.2d 917, 922 (1970).

\* \* \* \* \* \*

In the instant case, it is apparent that not only did the Board afford the petitioner a hearing in conformity with the statutes (§ 31–411 et seq., A.R.S.), but the letter to the petitioner from the Board's Vice Chairman indicates a thorough knowledge of petitioner's record and a conscious consideration of petitioner's application. Whether a prisoner is granted parole is a matter of grace and not a matter of right. § 31–412 A.R.S. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968).

It being apparent from the pleadings of the petitioner that he has been granted a due process hearing before the Arizona Board of Pardons and Paroles, the Superior Court was without jurisdiction to proceed further and the petitioner's complaint was properly dismissed.

Order affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.