516 P.2d 321

**Henry FOGGY, Appellant,**

**v.**

**Frank A. EYMAN, Warden, Arizona State Prison and State Board of Pardons and Paroles, Appellees.**

**No. 10931.**

Supreme Court of Arizona, In Banc.

Dec. 3, 1973.

Henry Foggy, in pro. per.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellees.

CAMERON, Vice Chief Justice.

This is an appeal from an order of the Superior Court of Pinal County denying the defendant Foggy's petition for writ of habeas corpus.

On appeal, we are called upon to consider the action of the Superior Court in refusing to review the decisions of the Arizona State Board of Pardons and Paroles in (1) denying the defendant's application for parole, and (2) in denying the defendant a commutation hearing.

The facts necessary for a determination of this matter on appeal are as follows. The defendant Henry Foggy is an inmate of the Arizona State Prison serving a life term for second degree murder. For a more complete factual background see State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966) and State v. Foggy, 107 Ariz. 307, 486 P.2d 789 (1971).

According to the brief of the defendant Foggy, he appeared before the Board of Pardons and Paroles on 20 March 1972 and after a hearing of about fifteen minutes the petitioner requested that the reasons for the Board's decision be given. According to petitioner's brief:

"The chairman of the Board, after explaining to petitioner that the Board did not base its decisions on the case record, FBI record or prison records the chairman carefully explained that the Board was not under any statutory or other obligation to state the reasons for its decisions, therefore, the reasons for denial of parole would not be given. Petitioner was then instructed to wait outside the Parole Hearing Room. About 2-minutes later petitioner was recalled, handed a notice, and was informed orally that the Board had decided to deny parole. An explaination (sic) of the reasons for denial of parole was again refused."

Defendant later, on 10 April 1972, filed an application for commutation of sentence with the Arizona Board of Pardons and Paroles on a form supplied by the Board. This application was denied without a hearing. The petitioner was notified by the Clerk of the Board as follows:

"On May 8, 1972 the Board members found that facts do not exist upon which to base a recommendation to the Governor that a Commutation of Sentence be granted to 26179 (YD) Foggy. You may apply again in SIX MONTHS from the above date.

Parole Clerk."

Defendant "in pro se" filed a petition for writ of habeas corpus in the Superior Court of Pinal County asking that the trial court order the Arizona Board of Pardons and Paroles to provide petitioner with a written statement of the reasons for denial of parole, which statement should include as a minimum six listed criteria. Defendant also requested that the Superior Court "order, command and direct the Arizona Board of Pardons and Paroles * * * to grant him a hearing on his application for commutation of sentence." The trial court had jurisdiction to hear the application despite the apparent mislabeling of the nature of relief requested as habeas corpus. Stevenson v. Arizona Board of Pardons and Paroles, 109 Ariz. 412, 510 P.2d 384 (1973). The trial court ruled:

"PETITION FOR WRIT OF HABEAS CORPUS

"It appearing to the Court that the issues raised in the Petition for Writ of Habeas Corpus are exclusively within the jurisdiction of the Parole Board and this Court having no jurisdiction over the matter IT IS ORDERED that said Petition is denied."

Petitioner appealed to this court (in pro se) and after the matter became at issue, timely moved for oral argument. On 18 September 1973 this court issued the following order:

"IT IS ORDERED: vacating the order of November 21, 1972, which declared this cause at issue.

"FURTHER ORDERED: setting oral argument on October 5, 1973, at 10:00 A.M. at the State Prison.

<br>

"FURTHER ORDERED: appointing Sarah Grant as Hearing Officer for the Supreme Court to conduct the hearing.

"FURTHER ORDERED: that a record of said hearing shall be kept on tape and returned to this Court."

The matter was heard at the State Prison by the Hearing Officer of the Arizona Supreme Court and a videotape of said hearing was filed in this court. On 20 November 1973, in the courtroom of the Arizona Supreme Court, the members of said court viewed a videotape playback of the hearing conducted by Mrs. Grant at the Arizona State Prison and thereafter ordered the matter submitted for decision and opinion.

## REVIEW OF THE ACTION OF THE PAROLE BOARD IN DENYING PAROLE

Defendant contends that he was denied his fundamental constitutional rights because the parole board did not provide him with the reasons for denying his application for parole.

■ The courts have the jurisdiction to review actions of the parole board only for the purpose of determining whether or not there has been a denial of due process in a parole hearing. The court may not, however, invade the province of the parole board in determining who is to be paroled. We have stated:

"While we agree that the Superior Court has the power to review proceedings of the Board to determine the absence of due process in the conduct of a parole hearing, it is apparent that the legislature intended, by giving the Board the 'exclusive power' to grant parole, to deny the courts the right to review the decisions of the parole board * * *." Foggy v. Arizona Board of Pardons and Paroles, 108 Ariz. 470, 471, 501 P.2d 942, 943 (1972). See also § 31–412 A.R.S.; State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968).

■ In the instant case, the petition to the Superior Court on its face did not indicate a lack of due process by the parole board which would warrant the trial court's interference. Our Court of Appeals has stated:

"We find no error in the lower court's summary disposition since no hearing is required when the petition, on its face, shows that the petitioner, as a matter of law, is not entitled to relief. (citations omitted) Parole is a matter of grace and not of right. State v. Howland, 103 Ariz. 250, 439 P.2d 821 (1968); State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court, supra [12 Ariz.App. 77, 467 P.2d 917]

"We are of the opinion that the parole board is not required to disclose its reasons for denial of parole. (citations omitted) The lower court was clearly correct in declining to interfere with prison administration." Witt v. State ex rel. Eyman, 18 Ariz.App. 120, 121, 500 P.2d 905, 906 (1972).

## REQUEST FOR COMMUTATION HEARING

Defendant also contends that he was denied due process in that he was denied a hearing on his application for commutation. The State pointed out in its brief that the petitioner appeared before the parole board on 20 March 1972 on his application for parole. When this was denied, he then, on 10 April 1972, applied for commutation of his sentence. Defendant contends in his reply brief:

"Appellee's contentions that due to the short period of time between the hearing on appellant's application for parole and the filing of his application for commutation of sentence, 'it was unnecessary for the Board of Pardons and Paroles to hold a formal hearing to evaluate the subsequent commutation application' is highly erroneous. The length of time between the consideration or filing of such applications are entirely immaterial under Arizona Statutes and Parole

Board Rules and Regulations. Appellant may apply for a parole and a commutation of sentence within six (6) months after denial of a previous application. Appellant entered prison on May 30, 1965 and filed his first application for commutation of sentence on April 10, 1972. * * *"

The statute reads as follows:

"C. The board, when a commutation or parole is to be considered, shall, before taking action on the commutation or parole, notify the judge of the superior court and the county attorney of the county in which the prisoner requesting a commutation or parole was sentenced. The notice to the judge and the county attorney shall state the name of the prisoner requesting the commutation or parole and shall set the date of hearing on the application. No commutations or parole shall be granted until thirty days after the date of giving the notice." § 31–411(C) A.R.S.

This court has held, in a case wherein the applicant was sentenced to death, that a hearing must be held upon a proper application for commutation of sentence pursuant to § 31–411 A.R.S.; McGee v. Arizona State Board of Pardons and Paroles, 92 Ariz. 317, 376 P.2d 779 (1962). In another case involving a commutation of sentence our Court of Appeals has stated:

"We hold that the Respondent Judge may require that the records of the proceedings before the Board be certified to the Superior Court to determine the presence or absence of due process and the presence or absence of a meaningful hearing. We hold that if these tests are not met, the matter may be returned to the Board for further proceedings. We hold that the Superior Court cannot direct the Board to return to particular recommendation. * * *

"We further hold that the Superior Court cannot substitute its recommendation for that of the Board." State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court of Maricopa County, 12 Ariz.App. 77, 82, 467 P.2d 917, 922 (1970).

 While the statute and the case law indicate that the parole board is required to grant a hearing on an application for commutation, this does not mean that the prisoner is entitled to bring successive applications for relief to the point that it becomes an unreasonable burden upon the parole board and indirectly upon the other prisoners whose applications the Board must consider. In the instant case, the Board had just heard applicant's request for parole and was in a position to know that a hearing upon the application for commutation of sentence would be futile.

We do not find an absence of due process in the denial of a hearing on the application for commutation of sentence under the facts in the instant case.

Order affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.