536 P.2d 196

David L. SHEPPARD, Appellant,

v.

ARIZONA BOARD OF PARDONS AND PAROLES, and Walter G. Jacobs, Chairman, Appellees.

No. 11695.

Supreme Court of Arizona, In Division.

June 11, 1975.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., by Louis A. Moore, Jr., and William J. Schafer, III, Asst. Attys. Gen., Phoenix, for appellees.

Treon, Warnicke & Dann by B. Michael Dann, Phoenix, for appellant.

HOLOHAN, Justice.

David L. Sheppard appeals from an order of the superior court dismissing his complaint which sought judicial review of a decision of the Arizona Board of Pardons and Paroles.

It is undisputed that the parole board revoked Sheppard's parole. The main issue is whether such action could be reviewed by the superior court. After a complaint was filed in the superior court, the trial judge granted appellee's motion to dismiss the action "for failure to state a claim."

Although the appellant sought to invoke the jurisdiction of the superior court under the Administrative Review Act, A.R.S. § 12–901 et seq., application of the statute to the Board of Pardons and Paroles has been rejected. State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court, 12 Ariz.App. 77, 467 P.2d 917 (1970), supplemented, 12 Ariz.App. 228, 469 P.2d 120. Even though the parole board is not "expressly excluded" from coverage of the Act, as other administrative agencies may be, official actions of the Board are not, generally, subject to judicial review. 12 Ariz.App. at 81.

However, apart from the Administrative Review Act, *supra*,

"[t]he courts have the jurisdiction to review actions of the parole board only for the purpose of determining whether or not there has been a denial of due

588

process in a parole hearing. The court may not, however, invade the province of the parole board in determining who is to be paroled." Foggy v. Eyman, 110 Ariz. 185, 187, 516 P.2d 321 (1973).

 By giving the Board the "exclusive power to pass upon . . . paroles," A.R.S. § 31–402(A), it is clear that the legislature intended "to deny the courts the right to review the decisions of the parole board . . . ." Foggy v. Arizona Board of Pardons and Paroles, 108 Ariz. 470, 471, 501 P.2d 942 (1972), cited with approval in Foggy v. Eyman, *supra*, 110 Ariz. at 187, except for the limited purpose of considering due process violations in the hearing process.

Sheppard urges that the complaint should not have been dismissed because it also alleged sufficient facts to be considered a claim for relief under a Special Action. In his complaint, Sheppard raises several issues dealing with due process.

"The court should not grant a motion to dismiss unless it appears certain that the plaintiff would be entitled to no relief under any state of facts which is susceptible of proof under the claim as stated." Mackey v. Spangler, 81 Ariz. 113, 115, 301 P.2d 1026 (1956); *accord*, Brosie v. Stockton, 105 Ariz. 574, 468 P.2d 933 (1970).

 Despite Sheppard's erroneous jurisdictional statement predicated on the Administrative Review Act, *supra,* rather than dismissing the action, the trial court should have allowed him to amend his pleadings to proceed by Special Action as was requested in his Response to Motion to Dismiss. This is the same approach followed by the Court of Appeals in similar circumstances. State ex rel. Arizona State Board of Pardons and Paroles v. Superior Court, *supra.* In fact, this Court will consider any application "which states sufficient facts to justify relief irrespective of its technical denomination." State v. Superior Court, 103 Ariz. 208, 210, 439 P.2d 294 (1968). The fact that the appellant erroneously invoked the Administrative Review Act need not be fatal to his complaint.

The order of the superior court granting the motion to dismiss is set aside and the cause remanded for further proceedings not inconsistent with this opinion.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.