717 P.2d 906

Eugene COOPER, Raymond Allen, Wesley Ray Rasmussen, and William Lehman, individually and as representative of a class, Plaintiffs-Appellants,

v.

ARIZONA BOARD OF PARDONS AND PAROLES, State of Arizona, John J. Sloss, Richard M. Ortiz, Robert L. Araza, Patricia V. Gilbert and Arter L. Johnson, members of the Arizona Board of Pardons and Paroles, Defendants-Appellees.

No. 1 CA–CIV 7668.

Court of Appeals of Arizona, Division 1, Department B.

March 21, 1985.

Robert K. Corbin, Atty. Gen. by Aileen A. Lee, Asst. Atty. Gen., Phoenix, for defendants-appellees.

Raymond Allen, Eugene Cooper, Wesley Ray Rasmussen, and William Lehman, in pro. per.

## OPINION

GREER, Judge.

The issue in this case is whether the Arizona Board of Pardons and Paroles failed to comply with A.R.S. § 31–412(A) in denying parole to the plaintiff/appellants. The superior court granted the Board's motion to dismiss. We reverse and remand.

Appellants, inmates of the State Correctional Institution at Florence, filed suit in Maricopa County Superior Court, claiming that the Board failed to consider the statutory criterion set forth in A.R.S. § 31–412 in denying their parole applications.

The statutory provision states, in part:

If a prisoner is certified as eligible for parole pursuant to the provisions of § 41–1604.06 the board of pardons and paroles shall authorize the release of the applicant upon parole if the applicant has reached his earliest parole eligibility date pursuant to § 41–1604.06, subsection D, unless it appears to the board, in their sole discretion, *that there is a substantial probability that the applicant will not remain at liberty without violating the law.* (emphasis added).

A.R.S. § 31–412(A).[1]

The essence of appellants' claim is that the letters of denial sent by the Board do not indicate that the statutory criterion (probability of recidivism) was considered in denying parole. The letters contained various reasons for denial, ranging from the seriousness of the offense committed to a history of a use of firearms. However, none of the letters indicate that the Board limited its consideration to factors that are based upon the "probability that the applicant will not remain at liberty without vio-

lating the law." Appellant Lehman's letter is an example:

Dear Mr. Lehman:

It was the decision of the Board at your hearing held on November 7, 1983, to deny you parole, based on the seriousness of your committing offense, and of concern was the age of the victim.

Sincerely,

[Board Chairman]

■ We find, first, that this action is properly before the court. Appellees rely upon *Sheppard v. Arizona Board of Pardons and Paroles,* 111 Ariz. 587, 536 P.2d 196 (1975) for the proposition that this case may only be brought by way of special action. In *Sheppard,* our supreme court found improper the use of the Administrative Review Act to challenge parole revocation. The court noted, however, that civil actions were a proper avenue of relief where due process violations were alleged. The court also stated, "[We] will consider any action which states sufficient facts to justify relief irrespective of its technical denomination." 111 Ariz. at 588, 536 P.2d 196. We also note that part of the relief requested was issuance of a writ of mandamus, which is properly the subject of a special action. Rule 1, Arizona Rules of Procedure for Special Actions.

■ Turning to the merits, we note first that our review is not a determination of whether the Board abused its discretion. Arizona Revised Statutes § 31–412(A) grants sole discretion to the Board in determining eligibility. *See State v. Harris,* 133 Ariz. 30, 648 P.2d 145 (App.1982). (The determination of parole eligibility is not a function for the courts). We also note that persons denied parole have no constitutional right to be given the reasons for such denial. *Foggy v. Eyman,* 110 Ariz. 185, 516 P.2d 321 (1973); and see *Banks v. Arizona State Board of Pardons and Paroles,* 129 Ariz. 199, 629 P.2d 1035 (App. 1981).

---

1. Three of the inmates were sentenced under the previous version of the same statute. The applicable provision of the prior statute is substantially similar to the present provision.

However, if the Board denies parole, it is required by regulation to specify to the inmate the reasons for denial. R5–4–202(C)(2), Arizona Administrative Rules and Regulations. More importantly, the Board is directed by statute to grant parole to eligible individuals "unless it appears ... that there is a substantial probability that the applicant will not remain at liberty without violating the law." A.R.S. § 31–412(A).

Under federal case law, reasons cited for parole denial must be sufficient to permit a reviewing court to determine whether the proper criteria have been followed. *Garcia v. United States Board of Parole*, 557 F.2d 100 (7th Cir.1977). Where compliance is uncertain, a rehearing is proper. *See Soloway v. Weger*, 389 F.Supp. 409 (M.D.Penn. 1974).

We find, first, that the Board did not comply with the statute in its denial letter regarding appellant Lehman's November 7, 1983 hearing. We also find that the applications of Rasmussen, Cooper, and Allen must be heard again.[2] In our opinion, while some factors considered by the Board are clearly prognosticative; others, at least facially, are not.

Rasmussen's letter states:

Dear Mr. Rasmussen:

It was the decision of the Board at your hearing held on November 7, 1983, to deny you parole, based on the seriousness of your committing offense, and of concern was the ages of the victims. Further, you received probation for the first offense and subsequently violated it with a new similar offense.

Sincerely,

[Board Chairman]

A letter to Cooper states:

Dear Mr. Cooper:

It was the decision of the Board at your hearing held on May 9, 1983 to deny you parole, based on the serious nature of your committing offense while using a weapon, the number of victims. Further, there exists an apparent need for contin-

ued mental health counseling prior to favorable parole consideration.

Sincerely,

[Board Vice Chairman]

Finally, a letter to Allen reads:

Dear Mr. Allen:

It was the decision of the Board at your hearing held on November 7, 1983 to deny you parole, based on the seriousness of your committing offense, of concern was the age of the victim; your criminal history, as evidenced by the numerous times in prison; your history of assaultive behavior; and you were on parole for Assault With a Deadly Weapon at the time of the committing offense.

Sincerely,

[Board Chairman]

Reasons such as the age of the victim, the seriousness of the offense, the use of a weapon do not clearly bear upon the issue of whether the inmate will "not remain at liberty without violating the law." However, repetitive criminal behavior, failure of probation or parole efforts, or the need for additional mental health counseling appear to bear on the sole criterion the Board is permitted to consider. Where we are unable to determine what influence impermissible factors played in denying parole, the proper remedy is to remand for a new parole hearing and a new determination limited to permissible criteria. *See Joost v. United States Parole Comm.*, 698 F.2d 418 (10th Cir.1983).

In sum, we hold today that the Arizona Board of Pardons and Paroles must determine parole eligibility based upon the statutory criterion for release on parole. Further, pursuant to the Board's own regulation, where an otherwise eligible inmate's application is denied, the letter of denial must set forth the factors upon which the Board relied in determining that the applicant is unable to remain at liberty without violating the law.

Accordingly, the matter is remanded to the trial court with instructions to order

---

2. Appellant Grubbs did not appeal from the

judgment of the court below.

rehearings on appellants' parole applications.

JACOBSON, J., concurs.

KLEINSCHMIDT, Judge, specially concurring.

I concur but I think it is important to say that it is not our function to pass upon the wisdom of this statute. Indeed, factors like the severity of the offense, or other things that would foster disrespect for the law if parole is granted, may be perfectly rational reasons for denying parole. Compare, for example, the federal parole scheme, 18 U.S.C. § 4206(a)(1) and (2). It is clear beyond argument, however, that our legislature has imposed a single criterion to govern the parole decision.