717 P.2d 861

Eugene COOPER, Wesley Rasmussen, William Lehman and Raymond Allen, Plaintiffs/Appellants,

v.

ARIZONA BOARD OF PARDONS AND PAROLES; State of Arizona; John J. Sloss; Richard M. Ortiz; Robert L. Araza, Patricia V. Gilbert and Arter L. Johnson, members of the Arizona Board of Pardons and Paroles, Defendants/Appellees.

Manuel Danato SENICEROS, Petitioner,

v.

STATE of Arizona, Respondent.

Nos. 18226–PR, M–547.

Supreme Court of Arizona, En Banc.

March 27, 1986.

Reconsideration Denied May 20, 1986.

Robert K. Corbin, Atty. Gen. by Aileen A. Lee and Susan Slasor, Asst. Attys. Gen., Phoenix, for defendants/appellees.

Eugene Cooper, Raymond Allen and Manuel Danato Seniceros, in pro. per.

HAYS, Justice.

We have consolidated these cases for decision since they present the same issues concerning review of Board of Pardons and Parole ("Board") decisions. In the first case, *Cooper*, the Arizona Court of Appeals reversed the trial court's denial of relief and remanded the case with instructions to order the Board to rehear the inmate's

parole applications. 149 Ariz. 227, 717 P.2d 906 (1985). Review was granted pursuant to Rule 23, Ariz.R.Civ.App.Proc., 17A A.R.S. The second case, *Seniceros*, is before us by Special Action challenging denial of parole by the Board of Pardons. Rule 1, Rules of Procedure for Special Actions, 17A A.R.S.

## FACTS

The facts in both cases are undisputed. In the first case, Eugene Cooper, Wesley Rasmussen, William Lehman, and Raymond Allen[1] claim they were denied parole for reasons outside the "statutory criterion" that an applicant will not remain at liberty without violating the law. A.R.S. § 31–412. In their complaint, they requested a declaratory judgment, injunction and mandamus. Also, they filed a claim under 42 U.S.C. § 1983, alleging a violation of due process by the Board's failure to release the inmates as mandated by law, and further requested that the court allow this action to proceed as a class action. The trial court rejected all these claims and ruled in favor of the Board by summary judgment. The inmates appealed only on the issue of whether the Board had failed to apply the "statutory criterion" set forth in A.R.S. § 31–412. Manuel Danato Seniceros makes a similar claim based on the Court of Appeals ruling in *Cooper*.

All plaintiffs are or were inmates at the Arizona State Prison. Wesley Rasmussen appears to have been released from the Florence facility and the status of William Lehman is unclear from the record before us.[2] All the inmates except Rasmussen and Seniceros are "Old Code" offenders. It is alleged in the record that Rasmussen was sentenced for an offense which occurred after October 1, 1978 (New Code). There is no allegation as to the date Seniceros committed his offense. The record is

---

1. In the original complaint, Robert Grubbs was also a plaintiff but he failed to pursue an appeal.

2. Generally, the release of an inmate will render the issues on appeal moot. *See United States ex*

*rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir.1984). However, our ruling today is not affected by Rasmussen's release since the same issues apply to all.

almost void as to any information about the offenses for which the inmates were incarcerated.[3]

Each inmate applied for parole. The Board denied each application, notifying the applicants in writing. The latest reasons for denial that appear in the record were stated in the following letters:

(Cooper):

It was the decision of the Board at your hearing held on November 7, 1983 to deny you parole, based on your history of assaultive offenses; your institutional adjustment has been less than satisfactory, as evidenced by the number of write-ups.

(Allen):

It was the decision of the Board at your hearing held on November 7, 1983 to deny you parole, based on the seriousness of your committing offense, of concern was the age of the victim; your criminal history, as evidenced by the numerous times in prison; your history of assaultive behavior; and you were on parole for Assault With a Deadly Weapon at the time of the committing offense.

(Rasmussen):

It was the decision of the Board at your hearing held on November 7, 1983 to deny you parole, based on the seriousness of your committing offense, and of concern was the ages of the victims. Further, you received probation for the first offense and subsequently violated it with a new similar offense.

(Lehman):

It was the decision of the Board at your hearing held on November 7, 1983 to deny you parole, based on the seriousness of your committing offense, and of concern was the age of the victim.

(Seniceros):

It was the decision of the Board at your hearing held on March 13, 1985 to deny you parole based on the serious nature of the committing offense; of concern was the age of the victim.

3. In the record, Cooper acknowledges having

## JURISDICTION

No party challenges our jurisdiction; however, we want to emphasize that the courts of this state cannot act as a superparole board. Due process requires that judicial review be available to insure that the requirements of due process have been met and that the parole board has acted within the scope of its powers. *See Foggy v. Eyman,* 110 Ariz. 185, 187, 516 P.2d 321, 323 (1973). The courts may compel the Parole Board to act, but the courts cannot compel the Board to act in any "particular manner." *State ex rel. Arizona State Board of Pardons & Parole v. Superior Court,* 12 Ariz.App. 77, 80, 467 P.2d 917, 920 (1970). We believe, therefore, that we have jurisdiction since we are considering only whether the Board has followed the due process required by our parole statutes. *Sheppard v. Arizona Board of Pardons & Paroles,* 111 Ariz. 587, 588, 536 P.2d 196, 197 (1975); *see also Foggy v. Arizona Board of Pardon & Paroles,* 108 Ariz. 470, 471, 501 P.2d 942, 943 (1972); *Foggy v. Eyman, supra.* We therefore have jurisdiction pursuant to A.R.S. § 12–120.24 and Ariz. Const. art. 6, § 5.

Inmates Cooper and Allen, in their response to the Petition for Review, state:

Procedurally it is noted that the state's motion for rehearing was filed only as to three of the appellees. No motion for rehearing was made as to appellee Lehman. No *timely* petition for review was filed in this court as to Lehman either.

These inmates contend that the Board only argued to reconsider those inmates who had a mixture of good and bad reasons for their parole denial. However, we are unpersuaded that the Board did not include inmate Lehman in its Petition for Review and Motion for Reconsideration. Lehman is named in both, and the Board did not waive its right to appeal. We are unable to find any procedural flaw that would bar our consideration of inmate Lehman. Further, inmate Lehman has not filed a re-

shot a police officer.

sponse to the Petition for Review and has not raised this issue individually before us.

## PAROLE DENIAL

■ Former A.R.S. § 31-412 provided in part:

If it appears to the board of pardons and paroles, from a report by the department of corrections, or upon the application by the prisoner for a release on parole, *that there is reasonable probability that the applicant will live and remain at liberty without violating the law,* then the board *may* authorize the release of the applicant upon parole [emphasis added].

The new provision of A.R.S. § 31-412 now states, in relevant part:

A. If a prisoner is certified as eligible for parole ... the board of pardons and paroles *shall* authorize the release of the applicant upon parole if the applicant has reached his earliest parole eligibility date ..., *unless it appears to the board, in their sole discretion, that there is a substantial probability that the applicant will not remain at liberty without violating the law* [emphasis added].

The inmates' complaint stated that the Board's failure to follow the criterion in denying them parole was a violation of due process. Their complaint alleged that certain reasons were not indicative of recidivism and were only "historical" factors that were used to punish the inmates by delaying parole. The Court of Appeals ruled that certain reasons such as "age of the victim, the seriousness of the offense, [and] the use of a weapon do not clearly bear upon the issue of whether the inmate will 'not remain at liberty without violating the law.'" (At 229, 717 P.2d at 908). Since the Court of Appeals could not decide what impact these "impermissible factors" played in denying parole, it remanded for a new hearing before the parole board. *Id.* at 229-230, 717 P.2d at 908-909.

We are not persuaded that the Board violated due process by articulating the reasons set forth in these letters. The United States Supreme Court, in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* stated that the decision to release an inmate is, "in a sense, an 'equity' type judgment that cannot always be articulated in traditional findings." 442 U.S. 1, 8, 99 S.Ct. 2100, 2104 (1979). Further, "the very institution of parole is still in an experimental stage." *Id.* The parole-release decision "turns on a 'discretionary assessment of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done.'" *Id.* at 11, 99 S.Ct. at 2105 (quoting Kadish, *The Advocate and the Expert—Counsel in The Peno-Correctional Process,* 45 Minn.L. Rev. 803, 813 (1961)).

Specifically, in *Greenholtz* the Supreme Court stated that "[t]he parole determination therefore must include consideration of what the entire record shows up to the time of the sentence, *including the gravity of the offense* in the particular case." 442 U.S. at 15, 99 S.Ct. at 2107 (emphasis added). The age of the victim or the use of a weapon may be an individualized characteristic of an offense which indicates its gravity.[4] The legislature has given the Board "sole discretion" in determining whether an applicant is suitable for parole. A.R.S. § 31-412(A). The criterion set forth by the legislature for making such a determination is so broad that it hardly curtails the Board's discretion at all. The criterion that an applicant will not remain at liberty without violating the law is not restrictive. However, this criterion also includes the good of society since the Board will be liable if it capriciously and negligently releases into society an individual who exhibited violent or criminal behavior in the past. *Grimm v. Arizona Board of Pardons &*

---

4. The legislature has provided that the Board can consider the opinion of the victim, A.R.S. § 31-411(G). This logically implies that victim information may be relevant for the Board to consider.

*Paroles,* 115 Ariz. 260, 267, 564 P.2d 1227, 1234 (1977).[5]

The inmates have not claimed that any of the procedures provided for by the parole statutes have been violated. In each instance they were given a hearing and received written notification setting forth the specific individualized reasons for their parole denial. *See* A.R.S. § 31–411(F). Instead, they disagree with the reasons given for denial and we believe that, in giving "sole discretion" to the Board, the legislature has foreclosed us from reviewing these reasons. *See, e.g., Foggy v. Arizona Board of Pardons & Paroles,* 108 Ariz. at 471, 501 P.2d at 943; A.R.S. § 31–402, –412 (exclusive power to pass upon paroles rests with the Board and parole is granted in their sole discretion).

The opinion of the Court of Appeals in *Cooper,* therefore, is vacated, and the dismissal by the Superior Court is affirmed.

Since we have decided that the Court of Appeals erred in stating that the age of the victim and the seriousness of the offense were not valid grounds to deny parole, inmate Seniceros' petition before us must also fail. It is ordered that the relief requested by Seniceros in his Special Action is denied.

HOLOHAN, C.J., and CAMERON, J., concur.

FELDMAN, Justice, concurring.

I agree that due process was not violated in the cases before us and therefore concur in the result reached by the majority. I write separately because of my fear that some language used by the majority might be misinterpreted.

First, I think it important to emphasize that the legislature has no authority to deprive this court of its constitutional power of judicial review. The power and responsibility of review is reserved to the judicial department of government. Neither the legislature nor the executive may sit in judgment on the propriety of their own acts or those of the instrumentalities that they have created. *Giss v. Jordan,* 82 Ariz. 152, 164, 309 P.2d 779, 787 (1957); *Puterbaugh v. Gila County,* 45 Ariz. 557, 562, 46 P.2d 1064, 1066 (1935). Judicial powers cannot be assumed by the legislative or executive branches of the government. Ariz. Const. art 3; *Ahearn v. Bailey,* 104 Ariz. 250, 252, 451 P.2d 30, 32 (1969).

The inmates claim that we may review for statutory compliance. I agree. "Any excursion by an administrative agency beyond the legislative guidelines is treated as an usurpation of constitutional powers." *Swift and Company v. State Tax Commission,* 105 Ariz. 226, 230, 462 P.2d 775, 779 (1969). However, I concur with the result reached by the majority on this issue because each of the concerns or reasons expressed by the parole board (behavioral history, institutional adjustment, demonstrated recidivism and nature of the offense for which committed) are factors relevant to the statutory standard—whether there is a probability that the parole applicant will be able to remain at liberty without further violations of the law. *See* A.R.S. § 31–412.

Finally, I think it important to emphasize that the legislature is also powerless to deprive this court of jurisdiction to consider issues traditionally cognizable under extraordinary writs. *See Peters v. Frye,* 71 Ariz. 30, 36, 223 P.2d 176, 179 (1950); *Collins v. Krucker,* 56 Ariz. 6, 13–14, 104 P.2d 176, 179 (1940). The writs are available to require administrative officers to exercise their discretion in a proper manner, even though the courts cannot order it exercised toward any particular result. *Cagle Brothers Trucking Service v. Arizona Corporation Commission,* 96 Ariz. 270, 272, 394 P.2d 203, 205 (1964). *See also,* Lesher, *Extraordinary Writs in the Appellate Courts,* 7 Ariz.L.Rev. 34 (1965); Davis, *Arizona Administrative Mandamus,* 9 Ariz.L.Rev. 1 (1967).

5. The Court of Appeals decision incorrectly states that the legislative criterion concern for recidivism excludes other criteria separately set forth in other jurisdictions. *See, e.g.,* 18 U.S.C. § 4206(a)(1) & (2) (listing federal criteria).

This court's authority with regard to issuance of common law writs against state officers and agencies is expressly confirmed by the Arizona Constitution, art. 6, §§ 5(1) and (3). Even under this grant of jurisdiction, however, the board's decisions as to these inmates "can be reasonably attributed to an application of valid factors of choice" and is, therefore, within the discretion of the board. Davis, *supra*, citing to L. JAFFE, JUDICIAL CONTROL OF ADMINISTRATIVE ACTION, 182 (1965).

In summary, I believe that the term "sole discretion" as used in A.R.S. § 31–412 means just what it says. The *discretion* to be exercised is given to the board, not the courts. Although the court retains power to require the board to obey the Constitution, comply with the statutes and base its decisions on fact, it may not substitute its view of the facts for that of the board.

I concur in the result reached by the majority.

GORDON, V.C.J., agrees with Justice FELDMAN's concurrence.