725 P.2d 1094

Garnet STINSON, Plaintiff/Appellant,

v.

ARIZONA BOARD OF PARDONS AND PAROLES; State of Arizona; John J. Sloss; Richard M. Ortiz; Robert Araza; Patricia L. Gilbert and Arter L. Johnson, members of the Arizona Board of Pardons and Paroles, Defendants/Appellees.

No. CV 86 0018–PR.

Supreme Court of Arizona, En Banc.

Sept. 4, 1986.

Garnet Stinson, Florence, in pro. per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkin and Heidi R. Brent, Asst. Attys. Gen., Phoenix, for defendants/appellees.

## OPINION

HAYS, Justice.

Appellant, Arizona Board of Pardons and Paroles ("Board"), has asked this court to review the decision of the appeals court in *Stinson v. Arizona Board of Pardons & Paroles*, [1 CA–CIV 8116, filed October 31, 1985]. That decision reversed the trial court's dismissal of a special action complaint filed by respondent Garnet Stinson ("Stinson"). We accepted review and have jurisdiction pursuant to Ariz.Const. art. 6, § 5, A.R.S. § 12–120.24 Ariz.R.Civ.App. Proc., rule 23, 17A A.R.S.

In July, 1982, Stinson's parole was revoked for continued abuse of alcohol. Three times thereafter, beginning in February of 1983, Stinson was considered for reparole. The first two times, he was denied parole on the grounds that he had previously violated the conditions of his parole by abusing alcohol and therefore was in need of continued alcohol counseling. On the third occasion, Stinson was again denied parole on the same grounds as before. This time, however, the Board also included the following as reasons for Stinson's parole denial: (1) his history of sexual related offenses, which indicated the possibility of his participation in the Sexual Offender Training Program; (2) his previous sentence for attempted rape and parole violation in Virginia; and (3) the seriousness of the committing offense including the age of the victim.

Pursuant to *Sheppard v. Arizona Board of Pardons & Paroles*, 111 Ariz. 587, 536

P.2d 196 (1975), Stinson filed a special action complaint in the Maricopa County Superior Court seeking, in part, reversal of all three denials of reparole. The basis of Stinson's complaint was that the factors given by the Board for denying him parole were irrelevant to determining recidivism. Therefore, Stinson claims, the Board failed to comply with the criteria for determining parole eligibility as set forth in A.R.S. § 31–412(A).

The superior court subsequently dismissed Stinson's complaint. On appeal, however, a new parole hearing was ordered and the Board was directed to consider only those factors within the purview of A.R.S. § 31–412(A). It is that decision we now review.

A.R.S. § 31–412(A) provides, in part, that:

> If a prisoner is certified as eligible for parole ... the board of pardons and paroles shall authorize the release of the applicant ... unless it appears to the board, in their sole discretion, that there is a substantial probability that the applicant will not remain at liberty without violating the law.

We recently examined this statute in *Cooper v. Arizona Board of Pardons & Paroles*, 149 Ariz. 182, 717 P.2d 861 (1986). In *Cooper*, prison inmates similarly claimed that they were denied parole for reasons outside the statutory criterion. The specific reasons referred to by the inmates included: (1) the age of the victim, and (2) the seriousness of the committing offense. *Id.* at 184, 717 P.2d at 863. The inmates complained that these factors were impermissibly relied on by the Board since they "were not indicative of recidivism and were only 'historical' factors that were used to punish the inmates by delaying parole." *Id.* at 185, 717 P.2d at 864.

■ In upholding the decision of the Board, we recognized that by enacting § 31–412(A), the legislature intended to give the Board "sole discretion" to grant or deny parole. *Cooper v. Ariz. Board of Pardons & Paroles*, 149 Ariz. at 186, 717 P.2d at 865. As such, the courts of this

state are precluded from reviewing the decision of the Parole Board. *Id.; see also Foggy v. Arizona Board of Pardons & Paroles*, 108 Ariz. 470, 501 P.2d 942 (1972). "The courts may compel the Parole Board to act, but the courts cannot compel the Board to act in any 'particular manner.'" *Cooper v. Arizona Board of Pardons & Paroles*, 149 Ariz. at 184, 717 P.2d at 863, citing *State ex rel. Arizona State Board of Pardons & Paroles v. Superior Court*, 12 Ariz.App. 77, 80, 467 P.2d 917, 920 (1978). Judicial review is available, however, "to insure that the requirements of due process have been met and that the parole board has acted within the scope of its powers." *Cooper v. Arizona Board of Pardons & Paroles*, 149 Ariz. at 184, 717 P.2d at 863. Since the inmates in *Cooper* did not claim that any of the procedures provided for by the parole statutes had been violated (§ 31–411, *et seq.*), but instead disagreed only with the *reasons* given for the denial, we denied the inmates' requested relief. *Id.* at 186, 717 P.2d at 865. We believe *Cooper* is dispositive of the issue before us.

■ In the present case, Stinson alleges he was denied due process in his reparole hearing. Our review of the record, however, indicates that the parole statutes were fully complied with and that Stinson was, in fact, afforded due process. The basis of Stinson's claim really focuses on his disagreement with two of the reasons underlying the Board's decision: (1) the seriousness of the committing offense, and (2) the age of the victim. Those reasons are clearly within the discretion of the Board and, pursuant to our decision in *Cooper, supra,* can not be reviewed.

Accordingly, we find that the trial court was without jurisdiction to proceed and therefore properly dismissed Stinson's special action complaint. That portion of the appeals court decision remanding the matter to the Board for a new hearing is vacated.

HOLOHAN, C.J., and CAMERON, J., concur.

FELDMAN, Justice, specially concurring:

I agree that due process was not violated in this case. I write separately to reiterate the concerns I raised in *Cooper v. Arizona Board of Pardons & Paroles*, 149 Ariz. 182, 186, 717 P.2d 861, 865 (1986) (Feldman, J., concurring).

Under A.R.S. § 31–412(A), we are not free to impose our reasoning on the parole board. We are, however, authorized to review the parole board's decisions for statutory compliance. *Cooper*, 149 Ariz. at 186, 717 P.2d at 865. Thus, the majority is correct when it states that the reasons given by the parole board in this case "are clearly within the discretion of the Board." At 61, 725 P.2d at 1095. But this decision does not mean, in my opinion, that we may not review the parole board's reasoning in future cases to assure that it exercises its discretion within the confines of A.R.S. § 31–412(A). This court "retains power to require the board to obey the Constitution, comply with the statutes and base its decisions on fact...." 149 Ariz. at 187, 717 P.2d at 866.

I concur in the result reached by the majority.

GORDON, Justice, concurring:

I concur with Justice Feldman.