NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KELLY K. HAMILTON, *Petitioner/Appellant*,

*v.*

ARIZONA BOARD OF EXECUTIVE CLEMENCY, *Respondent/Appellee*.

No. 1 CA-CV 15-0085
FILED 3-1-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2014-007590
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Kelly K. Hamilton, Yuma
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Acting Presiding Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

**¶1**        Kelly K. Hamilton appeals from the superior court's order denying relief on his special action petition. Hamilton's petition claimed the Arizona Board of Executive Clemency violated his due process rights when denying him parole. Because Hamilton has shown no error, the superior court's order is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In 1982, Hamilton entered into a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), for first degree murder. The court sentenced Hamilton to prison "for the rest of his natural life," and ordered "that he not be eligible for parole, commutation or suspension of this sentence until he has served a minimum of twenty-five (25) years."[1] Beginning in 2007, Hamilton repeatedly, but unsuccessfully, petitioned the Board to be granted parole. In 2012, Hamilton filed a petition for writ of habeas corpus with the superior court, presenting various claims regarding the Board's denials of his petitions for parole. In reviewing the superior court's denial of that petition, and without expressing any view on the merits of his claims, this court directed the superior court to treat his petition as seeking special action relief and remanded for further proceedings. *See State v. Hamilton*, 1 CA-CR 12-0748 (Ariz. App. Mar. 4, 2014) (mem. dec.).

**¶3**        On remand, the superior court accepted jurisdiction over Hamilton's special action petition but denied relief, finding Hamilton's

---

[1] The Legislature later replaced the possibility of parole with eligibility for "community supervision" for offenses committed after January 1, 1994. *See State v. Rosario*, 195 Ariz. 264, 268 ¶ 26 (App. 1999). Given the date of Hamilton's offense, the possibility of parole remains the relevant inquiry.

claims were not subject to judicial review under *Stinson v. Arizona Board of Pardons and Paroles*, 151 Ariz. 60 (1986). This court has jurisdiction over Hamilton's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(4) and -2101(A)(1) (2016).[2]

## DISCUSSION

**¶4**        Hamilton argues the Board violated his due process rights under the 14th Amendment by denying his requests for parole. The Board has the authority to authorize the release of a prisoner certified as eligible for parole if "it appears to the [B]oard, *in [the Board's] sole discretion*, that there is a substantial probability that the applicant will remain at liberty without violating the law and that the release is in the best interests of the state." A.R.S. § 31-412(A) (emphasis added). Although judicial review of a Board decision is available "to insure that the requirements of due process have been met and that the [Board] has acted within the scope of its powers," courts are otherwise "precluded from reviewing the decision of the" Board. *Stinson*, 151 Ariz. at 61 (citing *Cooper v. Ariz. Bd. of Pardons & Paroles*, 149 Ariz. 182, 184-86 (1986)).

**¶5**        Although Hamilton argues the Board violated his due process rights, the substance of his argument challenges the reasons for the Board's denial of his requests for parole. Hamilton argues the Board could not consider immutable factors, such as the seriousness of the offense, trauma to the victim and loss of human life, but those considerations are within the Board's discretion and beyond the power of the courts to review. *See Stinson*, 151 Ariz. at 61 (holding reasons for denial, such as seriousness of offense and age of victim, "are clearly within the discretion of the Board and . . . can not be reviewed" by courts). Hamilton has not presented any evidence that the Board denied him an opportunity to be heard or present evidence. To the contrary, Hamilton acknowledges he was present for the hearings and the Board provided a written explanation for its denials of his requests for parole, including listing the reasons for the denials. Accordingly, Hamilton has not shown the superior court erred by denying relief.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**CONCLUSION**

**¶6** Because Hamilton has not shown error, the superior court's order denying his request for relief is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama