NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MORTON ROBERT BERGER, *Petitioner/Appellant*,

*v.*

ARIZONA BOARD OF EXECUTIVE CLEMENCY, *Respondent/Appellee*.

No. 1 CA-CV 18-0339
FILED 4-11-2019

Appeal from the Superior Court in Maricopa County
No.  LC2017-000502-001
The Honorable Peter C. Reinstein, Judge *Retired*

**AFFIRMED**

COUNSEL

Herb Ely, Attorney at Law, Phoenix
By Herb L. Ely

Law Office of Chance Peterson, PLC, Phoenix
By Marshall Chance Peterson
*Co-Counsel for Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Respondent/Appellee*

———————————————

**MEMORANDUM DECISION**

Acting Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge James P. Beene and Chief Judge Samuel A. Thumma joined.

———————————————

**C A T T A N I**, Judge:

¶1  Morton Robert Berger appeals from a superior court order denying relief on his special action petition alleging that the Arizona Board of Executive Clemency (the "Board") violated his due process rights in denying his application for commutation of his sentence. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2  In 2003, Berger was convicted of 20 counts of sexual exploitation of a minor. He was sentenced to 20 consecutive sentences of 10 years each, resulting in a 200-year sentence.

¶3  Berger applied for commutation of his sentence in 2015. The Board held a Phase I hearing (a documentary review of Berger's case) in May 2016 and unanimously voted to advance his application to a Phase II hearing. At the Phase II hearing, Berger and others testified in support of commuting his sentence, but the Board voted unanimously to deny his application.

¶4  Berger filed a special action petition with the Arizona Supreme Court, which declined jurisdiction. He then filed a special action petition in superior court, contending that the Board violated his due process rights by improperly basing its decision on his rejection of a plea offer in the underlying criminal case. The superior court concluded that Berger's petition sought relief "beyond the power of the judicial branch," and that it could not substitute its judgment for the Board or compel the Board to act in any particular manner. The court denied Berger's petition, finding that he had been given the required notice of the commutation hearing and an opportunity to be heard.

¶5  Berger timely appealed the superior court's ruling. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

¶6        As relevant here, A.R.S. § 31-402(C)(2) provides that the Board may recommend commutation of a sentence to the Governor as follows:

> After a hearing for which the victim, county attorney and presiding judge are given notice and an opportunity to be heard, [the Board] may make recommendations to the governor for commutation of sentence after finding by clear and convincing evidence that the sentence imposed is clearly excessive given the nature of the offense and the record of the offender and that there is a substantial probability that when released the offender will conform the offender's conduct to the requirements of the law.

"[C]ommutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981); *see also Sheppard v. Ariz. Bd. of Pardons & Paroles*, 111 Ariz. 587, 587 (1975) ("[O]fficial actions of the [board of pardons and paroles] are not, generally, subject to judicial review.").[1]  Arizona courts have "long recognized the division of power and the transfer of jurisdiction over a felon from the judicial to the executive branch of government upon conviction." *State v. Wagstaff*, 164 Ariz. 485, 488 (1990); *State v. Stocks*, 227 Ariz. 390, 397, ¶ 21 (App. 2011).  As such, while the courts may compel the Board to act, they cannot compel it to act in any particular manner. *Cooper v. Ariz. Bd. of Pardons & Paroles*, 149 Ariz. 182, 184 (1986).

¶7        Citing *Cooper*, Berger contends that we should review the Board's decision because it improperly considered his refusal to accept a plea offer.  But *Cooper* does not provide support for Berger's position and instead confirms that the Board has "sole discretion" in deciding whether to grant or deny parole. *See id.* at 185–86.  The relevant statute at issue in *Cooper* (the then-current version of § 31-412(A)) provided that the Board:

> shall authorize the release of the applicant upon parole if the applicant has reached his earliest parole eligibility date . . . , unless it appears to the board, *in their sole discretion*, that there

---

[1]        The Legislature replaced the former Board of Pardons and Paroles with the Board of Executive Clemency in 1994.  1993 Ariz. Sess. Laws, ch. 255, §§ 64, 98(A) (41st Leg., 1st Reg. Sess.) (S.B. 1049).

> is a substantial probability that the applicant will not remain
> at liberty without violating the law.

*Cooper*, 149 Ariz. at 185 (emphasis modified); *see also* A.R.S. § 31-412(A) (granting similar authority to the Board). The court concluded that the Legislature foreclosed judicial review of the Board's reasoning by granting it "sole discretion" in choosing to grant or deny parole. *Cooper*, 149 Ariz. at 186.

¶8 Similar to the former § 31-412, A.R.S. § 31-402(A) now grants the Board the "exclusive power to pass on and recommend . . . commutations." *See also Johnson v. Mofford*, 193 Ariz. 540, 541, ¶ 2 (App. 1998). Accordingly, our review is limited to determining whether an inmate seeking commutation received due process in the proceedings. *State ex rel. Ariz. State Bd. of Pardons & Paroles v. Superior Court*, 12 Ariz. App. 77, 80 (App. 1970). Due process requires that a party receive notice and an opportunity to be heard in a meaningful manner at a meaningful time. *Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 379, ¶ 37 (App. 2015). Here, Berger does not contend that the Board failed to give him notice or a meaningful opportunity to be heard. Berger therefore has not shown he was denied his due process rights in the Phase II hearing, or that he is otherwise entitled to relief.

¶9 Berger also relies on *Stinson v. Arizona Board of Pardons & Paroles*, 151 Ariz. 60 (1986). There, an inmate contended that the Board considered several factors irrelevant to recidivism in denying parole. *Id.* at 60–61. The *Stinson* court did not decide whether those factors were relevant to recidivism; rather it affirmed the Board's decision because the inmate "did not claim that any of the procedures provided for by the parole statutes had been violated . . . , but instead disagreed with the reasons given for the denial." *Id.* at 61.

¶10 Like the inmate in *Stinson*, Berger contends that his decision to decline a plea offer is irrelevant to the factors set forth in § 31-402(C)(2). To be sure, it would be improper—not only statutorily but constitutionally—for the Board to deny Berger's application as punishment for exercising his constitutional right to trial, just as it would be improper for the Board to deny an application based on the race of the applicant. But here, the record does not support Berger's contention that the Board denied his application as punishment for declining the plea offer. Instead, the Board's discussion of Berger's rejected plea offer was in the context of Berger offering witnesses who claimed that his sentence was excessive. For example, Board Member Michael Johnson rejected a comparison of

sentences offered by one of Berger's witnesses because the cited prison sentences stemmed from plea agreements. Johnson stated that the Board should not "compare plea agreements to trials," and noted that although he was "concerned about the plea agreement," he was "not sure . . . that [the sentence] was excessive" based on the evidence presented at the hearing. Board Member Louis Quinonez also commented on the plea offer but likewise did so in the context of determining whether Berger's sentence was excessive. He concluded the sentence was not excessive because it was "clearly on the books at the time." And Board Chairman C.T. Wright concluded that Berger simply had not met his evidentiary burden under § 31-402(C)(2).

¶11        In short, the Board did not penalize Berger for rejecting a plea offer, and instead simply referenced the plea offer in the context of a discussion regarding why others who committed similar offenses had received lesser prison sentences. Because the Board did not consider improper factors and did not deny Berger his due process rights, the superior court did not err by affirming the Board's decision on Berger's application for commutation.

## CONCLUSION

¶12        We affirm the superior court's judgment.

