NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KELLY K. HAMILTON, *Plaintiff/Appellant,*

*v.*

ARIZONA BOARD OF EXECUTIVE CLEMENCY, *Defendant/Appellee.*

No. 1 CA-CV 23-0397
FILED 3-26-2024

Appeal from the Superior Court in Maricopa County
No. LC2023-000043-001
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

COUNSEL

Kelly K. Hamilton, Eloy
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1          Kelly K. Hamilton appeals a superior court order denying relief on his special action petition.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Hamilton is an inmate serving a life sentence for first-degree murder committed in 1982.  He has repeatedly petitioned the Arizona Board of Executive Clemency ("the Board") for parole since becoming eligible.  Beginning in January 2007, the Board has held semiannual hearings to determine whether to grant Hamilton parole; it has denied him each time thus far.

¶3          In February 2023, Hamilton filed a special action petition in the superior court alleging the Board had been applying the wrong version of Arizona Revised Statutes ("A.R.S.") section 31-412 to his parole applications and thus violated his due process rights.  Specifically, Hamilton claimed the Board retroactively applied a later version of § 31-412(A) when it should have applied the version in effect at the time of his 1982 offense.[1]  Hamilton also argued that under the 1982 version, the Board's review is limited to the applicant's institutional record, and under this standard, an applicant with a good institutional record should be granted parole.

¶4          The Board agreed the 1982 version applied to Hamilton's case and asserted it had been using the 1982 version in all of Hamilton's hearings.  The Board attached copies of its written denials to prove its correct statutory application.  Each written denial included the following statement: "The Board believes that you would not remain at liberty without violating the law[.]"  The Board contended these written denials

---

[1] At the time of Hamilton's 1982 offense, § 31-412 provided that the Board shall authorize the release of the eligible parole applicant "unless it appears to the board, in their sole discretion, that there is a substantial probability that the applicant will not remain at liberty without violating the law."  A.R.S. § 31-412(A) (Supp. 1982).  The current version provides that the Board shall authorize the release of the eligible parole applicant if "it appears to the board, in its sole discretion, that there is a substantial probability that the applicant will remain at liberty without violating the law and that the release is in the best interests of the state."  A.R.S. § 31-412(A).

show that the 1982 version of the statute was applied to Hamilton's applications.

¶5 The Board also asserted that under *Cooper v. Arizona Board of Pardons & Paroles*, it can consider the totality of Hamilton's case when making parole determinations and is not limited to considering only his institutional record. 149 Ariz. 182, 185 (1986) (recognizing the Board can consider factors such as the seriousness of the offense and the age of the victim when making a parole determination).

¶6 The superior court found the Board's written denial statement "mirrors the language of A.R.S. § 31-412(A) in effect in 1982." And although the Board used the term "*believes*" instead of "*appears . . . there is a substantial probability*" Hamilton would not remain at liberty without violating the law,[2] the court concluded the language difference "does not establish that the Board is utilizing the wrong version of the statute." (Emphasis added). The court also rejected Hamilton's interpretation of § 31-412(A), including his argument that he was entitled to parole if he had a good institutional record.

¶7 Finding "the Board has not retroactively applied the current version of A.R.S. § 31-412(A) to its review of Mr. Hamilton's case," the court denied relief in his special action petition. The court also denied his motion to reconsider.

¶8 Hamilton timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(4) and -2101(A)(1).

## DISCUSSION

¶9 The issues Hamilton raises rely on his assertion that the Board applied the wrong version of § 31-412(A) to his parole applications. We review the superior court's denial of special action relief for an abuse of discretion. *Hormel v. Maricopa Cnty.*, 224 Ariz. 454, 458, ¶ 16 (App. 2010).

¶10 In its denial statements, the Board stated its belief that Hamilton "would not remain at liberty without violating the law," which tracks the language in the 1982 version of the statute: "applicant will not remain at liberty without violating the law." A.R.S. § 13-412(A) (Supp. 1982). In each written denial, the Board enumerated its reasons for believing that Hamilton would not remain at liberty without violating the

---

[2] *See* A.R.S. § 31-412(A) (Supp. 1982).

law, including "serious & violent offense," "trauma to the victim," "loss of human life," "prior criminal history," "prior escape," "needs closer supervision," "violated prev[ious] probation/parole," "age of the victim," and "extreme brutality of instant offense."

¶11        Hamilton presents no evidence that the Board failed to apply the 1982 version to his parole applications. While he may disagree with the Board's determinations, the Board retains sole discretion to grant or deny parole. *Stewart v. Ariz. Bd. of Pardons & Paroles*, 156 Ariz. 538, 540 (App. 1988). Our review is limited to ensuring the requirements of due process have been met and that the Board acted within the scope of its powers. *Id.*; *see also Stinson v. Ariz. Bd. of Pardons & Paroles*, 151 Ariz. 60, 61 (1986).

¶12        Hamilton also argues the Board's consideration of "home arrest" shows the Board used the current version of § 31-412(A) to deny him parole. But Hamilton raised this issue for the first time in his motion to reconsider and therefore waived it on appeal. *See Ramsey v. Yavapai Fam. Advoc. Ctr.*, 225 Ariz. 132, 137, ¶ 18 (App. 2010).

¶13        Because the record shows the Board applied the 1982 version of § 31-412(A) to Hamilton's parole applications—the threshold issue in this appeal—we do not address his remaining arguments.

## CONCLUSION

¶14        We affirm the superior court's order denying relief on Hamilton's special action petition.

