359 P.2d 499

**In the Matter of a Member of the State Bar of Arizona, James H. GARCIA, Respondent.**

No. 7135.

Supreme Court of Arizona.

Feb. 23, 1961.

Allan K. Perry, Phoenix, and Douglas H. Clark, Phoenix, for respondent.

Brice I. Bishop, Phoenix, Examiner for and on Behalf of The State Bar of Arizona.

PER CURIAM.

The Board of Governors of the State Bar of Arizona has presented its recommendation for disbarment of the respondent, James H. Garcia. The recommendation is based on the report, findings of fact, conclusions of law and recommendations of the local administrative committee, after its investigation of formal charges. There were five charges, all for failure to use proper expedition and direction in performing legal services on behalf of clients, after receiving either part or full payment of fees, and failure to return such fees to the clients.

The local administrative committee found that three of the formal charges were sustained by the evidence at their hearing, as follows: (1) that respondent undertook to represent a client in connection with a proposed lawsuit for malicious prosecution, accepting a $500 retainer; that he did not file the suit, nor keep in contact, nor make reasonable efforts to keep in contact with his client for approximately two years; that after the client had filed a complaint with the State Bar, respondent agreed to return the $500, and did pay him $100, giving him a promissory note for the balance, which had not been paid at the time of the hearing; (2) that respondent was employed to represent a client at an agreed fee of $300, $150 of which had been paid, in a matter involving a dispute over membership of the client in an insurance society; that respondent failed to take any action on behalf of his client, and failed to keep appointments with him; that the client made many attempts to reach respondent without success for a period of approximately six months; that respondent told the local administrative committee he intended to return the $150, but had not done so over a year after his original employment; (3) that respondent accepted employment to file a divorce action for a client, taking a $20 retainer fee; that he did not file the action, and though the client made repeated efforts to contact him for nearly two years, she was never able to do so; that the $20 retainer fee was never returned to her.

In each of these instances the clients testified that they had made repeated attempts

to contact respondent, but that he was seldom available, although at times he made definite appointments with them. Respondent did not deny the facts, but attempted to excuse his conduct by stating that in the divorce matter he thought "someone", probably the client's husband, had called him and said there was a reconciliation and no need to file the suit. He knew later that the client had secured other counsel, who demanded that respondent return the $20, which he failed to do. He said that he did not feel he should file the malicious prosecution suit for various reasons, and that in the other case he couldn't keep a definite appointment he had made with the client, but told his secretary to have the client sign certain papers which he had prepared. There was no other evidence, however, that he had prepared such papers, and he blamed the secretary who had left his employ for not taking care of the matter properly. He also told the committee that he would return the moneys to the clients, but at the time of the hearing had not done so.

The entire record bears a similarity to the situation in In re Hall, 58 Ariz. 67, 118 P.2d 67. Both the local administrative committee and the Board of Governors have found that the conduct of respondent was deceptive and dishonest, in violation of the Canons of Professional Ethics and within the grounds for disbarment in Rule 29(b) of this Court, 17 A.R.S., and have recommended that respondent be disbarred. We agree that such conduct indicates that he is no longer qualified to serve the public as a member of the bar. He is therefore disbarred from the practice of law in this state.

STRUCKMEYER, C. J., CHARLES C. BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.