400 P.2d 328

**Application for a Writ of Habeas Corpus of Peter ACOSTA.**

No. 7872.

Supreme Court of Arizona.

En Banc.

March 25, 1965.

Robert W. Pickrell, Atty. Gen., Philip M. Haggerty, Asst. Atty. Gen., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

BERNSTEIN, Justice.

Appellant was convicted of the illegal possession of heroin in Maricopa County Superior Court in 1960, and sentenced to from 12 to 20 years in the penitentiary. The first trial ended in the granting of a motion for a mistrial. The conviction here was the result of the second trial.

At the second trial the defense efforts were directed toward securing a dismissal of the charges or of a directed verdict. No defense testimony was offered. The defense attorney cross examined the state witnesses and objected to the admission of testimony, but it is clear from reading the record that the defense was directed to make the record for appeal in the event the trial judge disagreed with the legal theories advanced by the defense.

The trial attorney for appellant was disbarred after the trial on February 23, 1961. (In re Garcia, 89 Ariz. 155, 359 P.2d 499). No appeal was taken from the judgment of conviction during the 60 day period then allowed for a criminal appeal pursuant to Rule 348, Ariz. Rules of Criminal Procedure, and Rule 21(b), Ariz. Rules of the Supreme Court, 17 A.R.S. The testimony shows it was impossible to locate the attorney during this period and his unavailability is confirmed by the record and findings in the disbarment proceedings, 89 Ariz. at 156, 359 P.2d at 499. During this period appellant as a new prisoner was kept in close confinement. He was permitted, however, to see his mother, and she attempted on many occasions to locate his attorney. Prison regulations would permit appellant to retain a new attorney or to appeal in propria persona, but since he testified he thought he had an attorney he did not attempt to use these procedures.

After the time for taking an appeal had expired, and upon written request of appellant, the trial judge, Honorable Henry S. Stevens, on March 17, 1961, made the following order:

"It is the opinion of the Court that there are matters in connection with the trial which are worthy of consideration on appeal although this Judge does not believe he committed error.

"The Court considers the application made by the defendant as being one for leave to appeal as a pauper unable to furnish counsel or transcript of the testimony.

"IT IS ORDERED appointing Mr. Lawrence C. Cantor as attorney in connection with any appeal.

"IT IS FURTHER ORDERED in the event that the Supreme Court will accept jurisdiction on appeal, the Re-

porter's Transcript shall be furnished at the expense of this County."

A motion for delayed appeal was filed in this court and was denied on May 9, 1961. Rule 16(a) of the Rules of the Supreme Court, which now allows for a delayed appeal took effect on April 29, 1964.

Appellant filed a petition for habeas corpus in this court, after the denial of delayed appeal but before Rule 16(a) was amended by this court. We directed that a hearing be held in Pinal County Superior Court. At this hearing held on April 19, 1962, appellant's counsel stated:

"If the Court please, the purpose of this writ is twofold as far as the petitioner is concerned, as far as the petitioner's present counsel is concerned, and that is either to discharge him from the custody due to many irregularities, we submit, happened during the trial or, in the alternative, to grant him the right to appeal, the privilege to appeal to the Supreme Court of this state based upon alleged errors at the time and during the trial."

Counsel showed that there are important questions which could be presented on appeal. We need not go into the merits of his grounds for appeal at this time. The writ of habeas corpus was denied, and petitioner has appealed from the judgment denying it.

In Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, the United States Supreme Court considered the proper remedy where habeas corpus was sought on the ground of denial of the right to appeal. The court said:

"The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled. The judgments of the Court of Appeals and the District Court are vacated and the case remanded.

"On remand, the District Court should enter such orders as are appropriate to allow the State a reasonable time in which to afford respondent the full appellate review he would have received but for the suppression of his papers, failing which he shall be discharged."

The State attempts to distinguish Dowd in its brief because there the failure to file the papers was due to the action of the warden acting under prison rules. Here

the refusal to allow an appeal was due to the failure of an attorney to represent his client after having told his client that he was planning to appeal and the client relied thereon. We considered a similar problem in State v. Schroeder, 95 Ariz. 255, 389 P.2d 255, 257, 389 P.2d 255, 257 and said:

"From the entire record and transcript, the defense presented at trial appears fully adequate. We think, however, the situation during the sixty-day period following judgment must be considered analogous to those involving death or incapacity of attorneys. Under such circumstances, dismissal for slight delay in filing criminal appeals seems inconsonant with sound policy and fundamental justice. Cf., Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)."

Fundamental justice requires that in this case the petition for a writ of habeas corpus be treated as a motion for permission to file a delayed appeal under Rule 16(a). The order of this court of May 9, 1961, in Case No. 1202 is vacated, and the appeal is re-instated as a delayed appeal pursuant to Rule 16(a).

Affirmed as modified.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.