431 P.2d 699

Frank HALL, Appellant,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 387.

Court of Appeals of Arizona.
Sept. 12, 1967.
Rehearing Denied Oct. 11, 1967.
Review Denied Nov. 21, 1967.

Frank Hall, in pro per.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., Phoenix, for appellee.

KRUCKER, Judge.

Appellant Frank Hall was charged in an information filed in the Superior Court of Maricopa County, Arizona, on June 12, 1964 charging Burglary, first-degree, with a prior conviction and after a jury trial was found guilty on August 7, 1964 and duly sentenced to the Arizona State Prison on August 18, 1964. No appeal was taken from this judgment and conviction.

In November and December of 1965, appellant moved to secure a copy of the transcript of record and records in forma pauperis without paying the cost. These motions were denied by the Superior Court as no appeal was perfected or pending. On November 14, 1966 appellant filed in the Supreme Court of Arizona a motion for delayed appeal or in the alternative, order for production of records, which were subsequently denied on December 6, 1966.

On March 1, 1967 appellant petitioned the Superior Court of Pinal County, Arizona, for a Writ of Habeas Corpus, which was denied. Review of the Superior Court's summary denial of habeas corpus relief is now sought in this court.

The collateral attack on the appellant's conviction was predicated upon an alleged denial of access to the state courts of Arizona because of indigency, denial of a fair trial because of the admission in evidence of his confession, and deprivation of his right to counsel because of counsel's dereliction in testing the admissibility of said confession.

Viewing the petition with the liberality afforded *pro se* petitions, it is arguable that one serious constitutional question is presented—preliminary determination of the voluntariness of the alleged confession. We would be inclined to agree with the petitioner that summary denial of his petition was improper were it not for the fact that the petitioner had sought and been denied relief by the highest court of this state. In essence, the Superior Court proceedings constitute an attempt to procure review of a ruling by the Supreme Court of Arizona. This the Superior Court cannot do. State ex rel. Ronan v. Superior Court, 94 Ariz. 414, 385 P.2d 707 (1963); and see also Carter v. State ex rel. Eyman, 5 Ariz. App. 415, 427 P.2d 549 (1967); and State v. Court of Appeals, Div. Two, 101 Ariz. 166, 416 P.2d 599 (1966). Therefore, the action of the lower court was not in error.

Accordingly, the order is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.