510 P.2d 384

**Robert STEVENSON, Appellant,**

v.

**ARIZONA BOARD OF PARDONS AND PAROLES et al., Appellees.**

**No. 10910.**

Supreme Court of Arizona,
In Banc.

May 25, 1973.

Robert Stevenson, in pro. per.

Gary K. Nelson, Atty. Gen., Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellees.

LOCKWOOD, Justice:

This is an appeal by Robert Stevenson from the Superior Court's denial of his petition for Writ of Habeas Corpus.

In 1964 the appellant, convicted of first degree murder, was committed to the Arizona State Prison for life. The appellant filed an Application for Commutation of Sentence with the Arizona State Board of

Pardons and Paroles (hereinafter designated the Board) in March, 1972. Subsequently, the Board notified the appellant in writing that his application had been denied. The appellant was not afforded a hearing. No reasons for refusal to make a recommendation to the Governor accompanied the denial, save that no grounds existed upon which to recommend a commutation of sentence to the Governor.

In his petition for writ of habeas corpus the appellant claimed a denial of due process because he was not given a hearing before the Board, nor any reason for refusal to make a recommendation to the Governor. Furthermore, Stevenson contends that he was denied equal protection because at the same time several other life-term prisoners were granted hearings before the Board.

The Superior Court denied the petition on the grounds that "it is an administrative matter over which the Court does not have jurisdiction."

Stevenson appealed to this Court and the matter was submitted for decision upon the opening brief of the appellant because the appellee did not file his answering brief within thirty (30) days as required by Rule 5(f)(2), Rules of the Supreme Court, 17 A.R.S., and no extension of time had been granted pursuant to Rule 7(a)(2).

The appellant contends that the failure to file an answering brief is a confession of reversible error. We agree that failure to file such a brief may be considered grounds to reverse if there are debatable issues. See Barrett v. Hiney, 94 Ariz. 133, 382 P.2d 240 (1963); Tom v. Baca, 93 Ariz. 96, 378 P.2d 912 (1963). However, we need not consider this point.

We must determine whether the lower court had jurisdiction to entertain the habeas corpus petition.

In the instant case, Stevenson essentially claims that the denial of a hearing was an abuse of discretion by the Board. Generally, habeas corpus is used to attack the validity of a prisoner's custody, Holman v. State ex rel. Eyman, 5 Ariz. App. 311, 426 P.2d 411 (1967), and not executive discretion.

The special action writ of mandamus will lie whenever an administrative board has abused its discretion. Cagle Bros. Trucking Service v. Arizona Corp. Comm'n., 96 Ariz. 270, 394 P.2d 203 (1964); Manjares v. Newton, 64 Cal.2d 365, 411 P.2d 901, 49 Cal.Rptr. 805 (1966).

It has been held that *pro se* habeas corpus relief should be liberally construed and read with a measure of tolerance. In re Buccheri, 6 Ariz.App. 196, 206, 431 P.2d 91, 101 (1967); Hall v. State ex rel. Eyman, 6 Ariz.App. 259, 260, 431 P.2d 699, 700 (1967). Stevenson did file his petition in propria persona.

Reviewing courts authorized to grant relief by extraordinary writs are inclined to grant appropriate relief notwithstanding the erroneous labeling of the writ applied for. In re Acosta, 97 Ariz. 333, 336, 400 P.2d 328, 330 (1965); Goodman v. State, 96 Ariz. 139, 140, 393 P.2d 148, 149 (1964); In re Buccheri, *supra*, 6 Ariz.App. at 198, 431 P.2d at 93. For example, in *In re Acosta*, this Court treated a habeas corpus petition as a motion for permission to file a delayed appeal.

In the present case, we treat the habeas corpus petition as an application for a writ of special action under Rule 1, Rules of Procedure for Special Actions, 17 A.R.S.

The case is therefore reversed and remanded to the Superior Court with directions to proceed in accordance with this opinion.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, J., concur.

Note: Justice WILLIAM A. HOLOHAN did not participate in the determination of this matter.