602 P.2d 516

Thurman L. DICKEY and LeVoy Meredith, Petitioners/Appellants,

v.

Robert R. RAINES, Administrator, Arizona State Prison, Respondent/Appellee.

2 CA–CIV 3226.

Court of Appeals of Arizona, Division 2.

Oct. 26, 1979.

**136**

Thurman L. Dickey and LeVoy Meredith, in pro. per.

Roy A. Mendoza, Pinal County Atty., by Montgomery Lee, Deputy County Atty., Florence, for respondent/appellee.

### OPINION

HATHAWAY, Judge.

This is an appeal from an order summarily denying a petition for a writ of habeas corpus filed by two inmates of the Arizona State Prison.

The petition alleged that on May 1, 1978, petitioners were transferred from the maximum security unit of the prison to another unit known as the "North Unit Medium," which transfer reduced their security status. Petitioners remained in the latter unit for a period of seven to eight months and were then transferred back to the maximum security unit. Their complaint was that the transfer was effected without compliance with the rules governing administrative transfers to increased security status.

We agree with the state that habeas corpus is used to attack the validity of a prisoner's custody and not executive discretion. *Stevenson v. Arizona Board of Pardons and Paroles,* 109 Ariz. 412, 510 P.2d 384 (1973). However, as *Stevenson* points out, pro se petitions for habeas corpus relief should be read with a measure of tolerance and, when appropriate, may be construed as a petition for special action in the nature of mandamus. Even applying this principle of liberal construction, the trial court did not err in summarily disposing of the petition as it stated no claim for relief.

A.R.S. Sec. 41–1604(B) confers authority on the director of the Department of Corrections to transfer adult inmates between adult institutions or adult facilities. The director also may promulgate rules and regulations to achieve such transfers. The Inmate Reference Manual published by the Department of Corrections in October 1976 indicates that a system of procedures and rules have been developed for the reasonable control of the activities and conduct of the prisoners to comply with a district court memorandum and order issued August 23, 1973. Under the authority of A.R.S. Sec. 41–1604, rules of procedure to be followed in administrative transfers to increased security status were promulgated. These rules of procedure do not pertain to changes of prisoners' assignments, housing locations or other routine intra-institutional movement or to reclassification decisions within the prison. Inasmuch as petitioners' transfer was within the walls of the prison, the rules pertaining to non-disciplinary transfers do not apply. The trial court, therefore, did not err in summarily denying relief.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.