IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,　　　　　 )
　　　　　　　　　　　　　　　　 )　　2 CA-CR 2002-0362-PR
　　　　　　　　　Respondent,　　 )　　DEPARTMENT A
　　　　　　　　　　　　　　　　 )
　　　　　v.　　　　　　　　　　 )　　O P I N I O N
　　　　　　　　　　　　　　　　 )
ADAM ALBERT ROSALES,　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　　　　　　Petitioner.　　 )
　　　　　　　　　　　　　　　　 )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-58354

Honorable Deborah Bernini, Judge

REVIEW GRANTED; RELIEF GRANTED

Isabel G. Garcia, Pima County Legal Defender
　By Joy Athena　　　　　　　　　　　　　　　　　　　　　　　　　　　Tucson
　　　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Petitioner

H O W A R D, Judge.

¶1　　　　　Petitioner Adam Albert Rosales seeks review of the trial court's dismissal of post-conviction relief proceedings brought pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., after the conclusion of his delayed appeal.  Because we find that the trial court abused its discretion in summarily dismissing the proceeding based solely on the notice of post-conviction relief, without appointing counsel and before any petition was filed, we vacate that dismissal and remand the case for further proceedings.  *See State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990) (trial court's disposition of Rule 32 proceedings reviewed for abuse of discretion).

¶2        Petitioner was convicted after a jury trial of aggravated assault, aggravated assault of a peace officer, endangerment, possession of marijuana for sale, possession of a deadly weapon while committing a felony drug offense, fleeing from law enforcement officers, threatening or intimidating, and conspiracy. The trial court imposed concurrent prison and jail terms, the longest of which was twenty-one years.

¶3        Petitioner did not timely appeal but later petitioned the trial court for leave to file a delayed appeal under Rule 32.1(f), Ariz. R. Crim. P., which the state did not oppose. Rule 32.1(f) provides as a possible ground for post-conviction relief that "[t]he defendant's failure to file a . . . notice of appeal within the prescribed time was without fault on the defendant's part." This court cannot exercise its jurisdiction over an appeal unless a defendant timely appeals or successfully gains leave to file a delayed appeal pursuant to this rule. *See* Ariz. R. Crim. P. 31.3, 17 A.R.S.; *State v. Berry*, 133 Ariz. 264, 266, 650 P.2d 1246, 1248 (App. 1982). The comment to Rule 32.1(f) explains that the provision is meant to apply when "the defendant intended to appeal and though[t] timely appeal had been filed by his attorney when in reality it had not." This was petitioner's situation as outlined in his first Rule 32 petition, which was entitled "Motion and Order for Delayed Appeal"; it contained one paragraph of argument, and resulted in the trial court[1] granting him leave to file a delayed appeal. In that delayed appeal, we affirmed petitioner's convictions, modified some of his sentences, and vacated the remaining sentences, remanding the case for resentencing on those counts. *State v. Rosales*, No. 2 CA-CR 2001-0037 (memorandum decision filed April 30, 2002). Our mandate issued on June 12, 2002.

---

[1]The judge who presided over petitioner's trial and sentencing and who dismissed the current post-conviction proceedings, at issue here, was not the same judge who ruled on the request for delayed appeal.

**¶4**       On June 21, 2002, petitioner filed a notice of post-conviction relief through appellate counsel, the Pima County Legal Defender.  In the notice, petitioner outlined the procedural history of the case, although he omitted that his appeal had been a delayed appeal procured under Rule 32.1(f).  He also requested appointment of counsel outside the legal defender's office.  The trial court promptly dismissed the proceedings with the following order, which quoted petitioner's notice of post-conviction relief:

> The Court has reviewed the Defendant's petition and notes that while the Defendant correctly indicated that he had previously filed a direct appeal, he incorrectly stated that he had not filed previous Rule 32 proceedings.  The Defendant filed a previous petition on March 22, 2000.  The sole issue urged on the Court was Defendant's Request to File a Delayed Appeal.  The relief requested was granted which res[u]lted in a successful appeal on the issue of sentencing only.  The new sentencing date is July 22, 2002.  The sole issue alleged in Defendant's second Petition reads:
>
> > "Defendant is entitled to the effective assistance of counsel on direct appeal and trial.  The Legal Defender's Office represented defendant in his appeal (in which partial relief was obtained). Although counsel will represent petitioner in the re-sentencing proceedings, the Legal Defender's Office cannot evaluate their own effectiveness under the conflict rules.  It is requested that the court appoint counsel outside the Legal Defender's Office."
>
> The request to evaluate the effectiveness of the Legal Defender's Office is both premature (re-sentencing pursuant to the mandate has not yet taken place) and inappropriate.  Rule 32, Arizona Rules [of] Criminal Procedure, sets out the seven grounds upon which post-conviction relief may be pursued.  "Evaluating" a lawyer's performance, without specific facts alleged, is not a recognized ground.
>
> Therefore, the COURT FINDS no claims in the second petition which would entitle the Defendant to relief under the rule.
>
> IT IS ORDERED that the petition be DISMISSED.

3

¶5　　　　Petitioner subsequently filed an extensive motion to reconsider that order. He supplemented that motion with an affidavit from the attorney who had petitioned for leave to file the delayed appeal, in which counsel explained that she had sought a delayed appeal under Rule 32.1(f) in order to preserve petitioner's appeal rights after discovering that no notice of appeal had been filed in his case and that, by doing so, she had not purposefully waived any substantive Rule 32 claims or otherwise intended to hinder petitioner's right to raise substantive claims in Rule 32 proceedings following the conclusion of his appeal. The trial court denied the motion for reconsideration without comment. Petitioner was resentenced approximately ten days later.

¶6　　　　We note initially that the trial court's order appears to use "notice" and "petition" interchangeably when, in fact, these terms apply to two distinct procedural steps in a Rule 32 action. Rule 32.4(a), Ariz. R. Crim. P., provides that a Rule 32 "proceeding is commenced by timely filing a notice of post-conviction relief." The petition itself is not required to be filed for at least sixty days following the timely filing of the notice. Ariz. R. Crim. P. 32.4(c). The court dismissed the proceedings on the notice, thereby preventing the filing of any petition.

¶7　　　　Assuming the court used the word "petition" to refer to the notice, we examine whether there were deficiencies in petitioner's notice, in the procedural context of this case, justifying summary dismissal of the proceedings without the filing of a petition. First, petitioner's notice was timely. In non-capital cases that have not been resolved through guilty pleas, such as petitioner's, "the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a). Petitioner filed his notice within thirty days of this court's issuance of the mandate in his appeal.

4

¶8    Second, petitioner's notice was not premature. We understand the trial court's ruling to mean that any claim of the legal defender's ineffective assistance could only be raised after the resentencing hearing, at which the legal defender would continue to represent petitioner. However, the legal defender also represented petitioner on appeal, and ineffective assistance of appellate counsel is a cognizable claim under Rule 32. *See State v. Herrera*, 183 Ariz. 642, 905 P.2d 1377 (App. 1995). The only possible way to raise such a claim would be by initiating Rule 32 proceedings by filing a notice within thirty days of the issuance of this court's mandate finalizing the appeal, pursuant to Rule 32.4(a), which petitioner did. Although petitioner might also have had a potential claim that the legal defender was ineffective in the resentencing, that would be a separate claim, independent of any claim of ineffective assistance of appellate counsel, which would have to be litigated in a different Rule 32 proceeding initiated by filing a separate notice of post-conviction relief within ninety days of the resentencing or, if petitioner has appealed from his resentencing, within thirty days of our mandate following the disposition of any such appeal.

¶9    Third, the trial court faulted petitioner for failing to allege in the notice anything more specific than an intention to evaluate appellate counsel's performance. However, we understand that allegation to have been made only in support of appellate counsel's request that different Rule 32 counsel be appointed to avoid any potential conflict of interest.[2] Appellate counsel did not purport to set forth in the notice an exhaustive list of the claims to be raised in the

---

[2]*See State v. Robles*, 135 Ariz. 92, 95-96, 659 P.2d 645, 648-49 (1983) (disapproving of an attorney arguing his own ineffectiveness); ER 1.10, Ariz. R. Prof'l Conduct, Ariz. R. Sup. Ct. 42, 17A A.R.S. (lawyers associated in a firm shall not knowingly represent a client when any one of them practicing alone would be prohibited from doing so because of a conflict of interest).

petition. If anything, the notice merely noted the possibility that a claim of ineffective assistance of counsel might be raised.

¶10        Finding no fatal flaws on the face of petitioner's notice of post-conviction relief, we turn to whether it was subject to summary dismissal because it followed the earlier petition, which had been based on Rule 32.1(f). Rule 32.1(f) is atypical of the eight possible grounds for post-conviction relief listed in Rule 32.1(a) through (h); it merely provides a procedural mechanism whereby a defendant who has failed to appeal through no fault of his or her own can obtain jurisdiction in this court. In contrast, the remaining seven grounds state substantive Rule 32 claims on which a trial court, operating as a reviewing court, can directly vacate or modify a defendant's conviction or sentence or order that the defendant be released from prison.[3] In dismissing this post-conviction relief proceeding based on the notice, the trial court effectively dismissed all potential claims arising under any of these grounds.

¶11        Rule 32 provides for the possible dismissal of a second or successive notice of post-conviction relief based on the ground of preclusion. Rule 32.2(a)(3) provides that "a defendant shall be precluded from relief under this rule based upon any ground . . . [t]hat has been waived . . . in any previous collateral proceeding." An exception to this preclusionary rule exists under Rule 32.2(b) for a defendant who raises claims under Rules 32.1(d), (e), (f), (g), or (h) "in a successive or untimely post-conviction relief proceeding" if the defendant alleges the specific facts underlying those claims, and his or her reasons for not raising such claims previously, in the

---

[3]Rule 32.1 was drafted within the "structure of the second Revised Uniform Post-Conviction Procedure Act (1966)." Ariz. R. Crim. P. 32.1, cmt., 17A.R.S. The model statute included in that Act sets forth specific substantive grounds for post-conviction relief very similar to Rule 32.1, except that the model statute contains no equivalent to Rule 32.1(f) providing for seeking a delayed appeal. *See* Unif. Post-Conviction Proc. Act (1966) § 1, 11A U.L.A. 274 (1995).

notice of post-conviction relief. Rule 32.2(b) expressly directs that the trial court "shall" summarily dismiss the notice if the petitioner fails to comply with this requirement. Rule 32.2(c) provides that "any court on review of the record may determine and hold that an issue is precluded." Thus, if, as here, a trial court is presented with a successive notice of post-conviction relief in which no claims under Rule 32.1(d) through (h) are articulated, supported by facts, and excused for being tardily raised, the court could dismiss the entire proceeding on the notice, implicitly finding that all potential claims are precluded by being waived in the previous proceeding. Such a ruling would necessarily include potential claims under Rule 32.1(a) through (c), for which no exception to the preclusion or timeliness rules exists. The key issue here, then, is whether, by requesting leave to file a delayed appeal pursuant to Rule 32.1(f), petitioner waived all other potential claims under the other grounds found in Rule 32.1, thereby rendering them precluded. We conclude that, for practical and policy reasons, no waiver occurred under these circumstances.

¶12        To begin with, finding no such waiver is consistent with the purpose of the preclusion rule, which essentially requires a defendant to raise all known claims for relief in a single petition to the trial court, thereby avoiding piecemeal litigation and fostering judicial efficiency. *See Stewart v. Smith*, 202 Ariz. 446, ¶11, 46 P.3d 1067, ¶11 (2002) ("Rule 32.2 is a rule of preclusion designed to limit those reviews, to prevent endless or nearly endless reviews of the same case in the same trial court."). As discussed earlier, a request for a delayed appeal is not a substantive request for relief, but a procedural gateway to the appellate court. The trial court, in evaluating such a request, does not review the trial, conviction, or sentence; at most, it may be called on to make limited factual findings about post-trial communication between counsel and defendant regarding an appeal. Thus, if a defendant who successfully obtains leave to file a

7

delayed appeal under Rule 32.1(f) is permitted to bring a substantive post-conviction relief proceeding after the conclusion of the appeal, the trial court will be functioning as a *reviewing* court for the first time, albeit that technically it will be addressing the second petition. If the substantive grounds were deemed waived by virtue of the first petition containing only the Rule 32.1(f) request, the trial court would not review the case at all. The preclusion rules exist to prevent multiple post-conviction reviews, not to prevent review entirely.

¶13        Moreover, to find that a defendant such as petitioner who seeks leave to file a delayed appeal under Rule 32.1(f) waives all other claims would compel defendants to include all known substantive Rule 32 claims in their first petition, along with the motion for leave to file a delayed appeal. Such defendants would therefore be forced to litigate all their known Rule 32 claims, including their request for a delayed appeal, before appealing to this court. This order of proceedings might make sense in some cases, and nothing in this decision should be understood to prevent it. In many other cases, however, it would not.

¶14        For example, many Rule 32 claims require time-and-resource-intensive investigation, research, and drafting. Some of these claims, such as claims alleging ineffective assistance of counsel, become more or less viable, and sometimes disappear entirely, depending on the outcome of the appeal. The premature litigation of these claims wastes scarce criminal justice resources. In addition, if, as commonly happens, more than ninety days pass after the judgment and sentence is imposed before the defendant discovers that defense counsel failed to file a notice of appeal as instructed, any ensuing Rule 32 action would not be timely, casting doubt on the validity of any claims raised at that point under Rule 32.1(a), (b), or (c). *See* Ariz. R. Crim. P. 32.2(b); 32.4(a). Moreover, defendants who wish to proceed directly to appeal would be forced to omit their known substantive Rule 32 claims from their first petition. That omission

8

would result in those claims being effectively abandoned, which is the practical result of what we understand the trial court's ruling to be in this case.

¶15 The latter result is contrary to Rule 32.4(a), which, as discussed in ¶7, clearly contemplates the possibility of initiating Rule 32 proceedings after the appeal is final. It is also contrary to the order in which our supreme court addresses capital appeals and post-conviction proceedings. *See* Ariz. R. Crim. P. 31.2(b) (notice of appeal automatically filed by clerk of trial court upon imposition of death sentence); Ariz. R. Crim P. 32.4(a) (notice of post-conviction relief filed by clerk of supreme court upon issuance of mandate affirming capital conviction and sentence on appeal). We see no basis for finding that either the drafters of Rule 32 or our supreme court, which adopted that rule, intended to mandate a different order of proceedings, a less prompt right to appeal, or a more limited access to post-conviction relief for that class of convicted defendants whose sole distinction is that their trial attorney failed to timely file a notice of appeal on their behalf. Although there is scant case law discussing Rule 32.1(f), nothing we have found suggests that that rule is intended to force a defendant to elect between a speedy appeal and the pursuit of post-conviction relief. *See* Ariz. R. Crim. P. 32.1(f) cmt.; *In re Acosta*, 97 Ariz. 333, 336, 400 P.2d 328, 330 (1965) (citing underlying principle of "[f]undamental justice" in granting delayed appeal under predecessor statute to Rule 32.1(f)).

¶16 We conclude that petitioner, by restricting his first Rule 32 petition to a request for a delayed appeal under Rule 32.1(f), filed solely as a procedural means of obtaining this court's review and raising no substantive issues on which the trial court ruled, did not waive any potential claims arising under any of the other provisions of Rule 32.1. Accordingly, none of those claims is precluded, and his second notice of post-conviction relief was not subject to being dismissed pursuant to Rule 32.2(b) or (c) without the filing of a petition. Petitioner's notice of post-

9

conviction relief filed within thirty days of this court's mandate should have been treated as a timely notice of post-conviction relief, which entitled him to the appointment of new counsel. Rule 32.4(c)(2) ("Upon the filing of a timely or first notice" counsel shall be appointed.). Further, petitioner was not required to specify his claims until the filing of his petition. *See* Ariz. R. Crim. P. 32.5, "Contents of Petition" ("The defendant shall include every ground known to him or her for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him or her . . . .").

¶17        Accordingly, we grant review and grant relief. We vacate the trial court's order dated June 25, 2002, dismissing petitioner's notice of post-conviction relief and remand the case for further proceedings in accordance with this decision.


_____
JOSEPH W. HOWARD, Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Presiding Judge


_____
M. JAN FLÓREZ, Judge