NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DONNA CONNER, *Appellant*.

No. 1 CA-CR 13-0335
FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
CR2010-157700-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael L. Freeman, Scottsdale
By Michael L. Freeman
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Kent E. Cattani joined.

**G E M M I L L,** Judge:

¶1        Donna Conner appeals her conviction and sentence for possession of dangerous drugs, a class 4 felony. Conner's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Conner was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). For the following reasons, we affirm Connor's conviction, and we also affirm her sentence but order it modified to remove the requirement that she pay for the identification analysis of her DNA.

**Facts and Procedural History**

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers,* 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001). In January 2012, Conner failed to appear for trial, was tried in absentia, and convicted of possession of dangerous drugs, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") §§ 13-3401, -3407, -3418, -701 and -801.

¶3        At trial, the State presented evidence that on September 10, 2009, Officer Stahl of the Glendale Police Department contacted Conner, who dropped a black pouch out of her right hand onto the ground. As the officer retrieved the pouch, Conner told him, "[Y]ou're going to find drugs in there." Officer Stahl opened the pouch and found two small bags of a crystalline substance, which he suspected to be a controlled substance. He proceeded to arrest Conner and read her the *Miranda* warning. Conner was asked how much "meth" she had in the pouch, she answered "a ball." She also admitted to buying it earlier that day for $160.

¶4        Officer Stahl testified that the drugs he confiscated from Conner were properly sealed into evidence and transferred to the Department of Public Safety Crime Lab for testing. Mark Cardwell, a crime lab technician, explained that he tested the evidence three times and verified that it was methamphetamine. Conner was found guilty by a unanimous jury verdict.

¶5        In 2012, Connor entered into a plea agreement in a separate

prosecution (Maricopa County Superior Court cause number CR2010-151227-001), and the plea agreement was accepted by the court in that proceeding. According to the record in this case, Connor in CR2010-151227-001 waived her right to a bench trial on the alleged priors and acknowledged having two historical prior convictions. A joint sentencing hearing was conducted on August 28, 2012 in CR2010-151227-001 and this case, at which time the court determined that Connor had knowingly, intelligently, and voluntarily admitted having two historical prior felony convictions, based on the record in the other case and the colloquy in this case.

¶6 Conner was sentenced in this case to a mitigated term of imprisonment of 7 years with 245 days of presentence incarceration credit. Although Conner did not initially file a timely notice of appeal after sentencing, the trial court granted her motion to file a delayed notice of appeal in accordance with Arizona Rule of Criminal Procedure 32.1(f). *See State v. Rosales*, 205 Ariz. 86, 87-88, ¶ 3, 66 P.3d 1263, 1264-65 (App. 2003) (noting that "Rule 32.1(f) applies when a defendant intends to timely appeal but fails to do so because of attorney error). Conner's delayed notice of appeal was timely, and we have jurisdiction pursuant to A.R.S. §§ 13-4031, -4033, and 12-120.21(A)(1).

**Discussion**

¶7 At sentencing, the superior court ordered Conner to "submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing in accordance with A.R.S. § 13-610." Because section 13-610 does not authorize the sentencing court to require the convicted person to pay for the DNA analysis, we vacate that portion of the sentencing order requiring Conner to do so. *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013).

¶8 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find no reversible error (other than the sentencing error addressed *supra* ¶ 7). The evidence presented supports the conviction and the sentence imposed (as modified herein) falls within the range permitted by law. As far as the record reveals, Conner was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9  Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Conner of the disposition of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Conner has thirty days from the date of this decision in which to proceed, if she desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶10  The conviction and sentence as modified are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: mjt