NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANDRE ALMOND DENNISON, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0664
FILED 8-25-2020

Appeal from the Superior Court in Maricopa County
No.  LC2019-000219-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART**

COUNSEL

Andre Almond Dennison, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Mark Brnovich, Michael E. Gottfried
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**S W A N N**, Chief Judge:

¶1 Andre Dennison, a prisoner in the Arizona Department of Corrections ("ADOC"), appeals a superior court ruling denying special action relief. Because the ruling failed to address Dennison's complaint regarding ADOC policies related to inmate custody status, we reverse in part and remand for further consideration. We affirm the denial of special action relief as it relates to inmate placement.

### FACTS AND PROCEDURAL HISTORY

¶2 In November 2017, Dennison was moved from the Rynning Unit, a medium-high security unit, to Special Management Unit (SMU) I, a maximum-security unit. Approximately two years later, Dennison filed a special action complaint alleging various ADOC department order violations, including the improper use of restraints, confiscation of personal property, and lengthy lockdown periods. Dennison further alleged that although he was a close-custody inmate, he was subjected to maximum-custody conditions. Dennison requested that the court order ADOC to move Dennison to a medium-custody unit and to comply with its internal regulations.

¶3 The superior court accepted jurisdiction but denied relief, finding that the court did not have authority over ADOC with regard to inmate placement. Dennison appeals.

### DISCUSSION

¶4 As a preliminary matter, Dennison's complaint is framed as a statutory special action. But Dennison has not provided, and we are unaware of, any statute under which this special action may be brought. *See* Ariz. R.P. Spec. Act. 1(b). Dennison's complaint instead falls under Arizona Rule of Procedure for Special Actions 1(a), which states that special actions may be brought to seek relief formerly provided for by writs of certiorari, mandamus, or prohibition. *See also Dunlap v. Superior Court*, 169 Ariz. 82, 86 n.5 (App. 1991) ("The relief previously obtained by

extraordinary writs of certiorari, mandamus, and prohibition is now referred to as 'special action relief.'").

¶5 The superior court has original jurisdiction to issue extraordinary writs against state officers. Ariz. Const. art. VI, § 18; *see also Ariz. Corp. Comm'n v. Superior Court*, 107 Ariz. 24, 26 (1971). Relief by extraordinary writ is available only through special action, and the court's decision to accept jurisdiction is highly discretionary. *Forty-Seventh Legis. v. Napolitano*, 213 Ariz. 482, 485, ¶¶ 10–11 (2006). When the superior court accepts jurisdiction over a non-statutory special action and rules on the merits, as the court did here, we review for abuse of discretion. *See Bazzanella v. Tucson City Court*, 195 Ariz. 372, 374, ¶ 3 (App. 1999).

¶6 ADOC separates inmates into four custody levels based on an inmate's likelihood of escape or committing violence: maximum custody, close custody, medium custody, and minimum custody. ADOC Department Order 801-2.3. Dennison is classified as a close-custody inmate. While close-custody inmates may not be housed in the same cell as maximum-custody inmates, they may be housed together in the same unit. *See* ADOC Department Order 704-8.5.3.3.1.

¶7 In his complaint, Dennison asserted that he was being treated as a maximum-custody inmate, despite his close-custody status. He requested that the court order ADOC to either transfer him to a lesser security unit or comply with department orders that apply to close-custody inmates.

¶8 Here, the superior court correctly ruled that it did not have "authority over the Arizona Department of Corrections or its director or warden with regard to the placement of inmates." *See, e.g.*, *Dickey v. Raines*, 124 Ariz. 135, 136 (App. 1979); *see also* ADOC Department Order 801-2.2 ("Inmates are not permitted to request a particular custody level placement nor placement at a particular facility."). The ruling, however, failed to address Dennison's other claim that even if he remains in his current unit, he should be treated according to policies regarding close-custody inmates. *See, e.g.*, ADOC Department Order 906 Attachment C, 909 Attachment A, 911 Attachment D, E. Because the ruling did not address Dennison's special action complaint as it pertains to his allegation that ADOC is not abiding by its policies for close-custody inmates, we remand to allow the superior court to address that portion of Dennison's complaint. In doing so, we offer no opinion regarding the validity of Dennison's additional claims.

**CONCLUSION**

**¶9**　　　　For the foregoing reasons, we affirm the superior court's ruling denying special action relief regarding inmate placement but reverse and remand to allow the superior court to address Dennison's claims about his treatment as a maximum-custody inmate despite his close-custody inmate status.



AMY M. WOOD • Clerk of the Court
FILED:　AA