NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENNIS PAUL EDDY, *Petitioner*.

No. 1 CA-CR 21-0303 PRPC
FILED 12-28-2021

Petition for Review from the Superior Court in Coconino County
No. CR85-11929
The Honorable Stacy Krueger, Judge

**REVIEW GRANTED; RELIEF GRANTED AND DENIED IN PART;
REMANDED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William P. Ring
*Counsel for Respondent*

Dennis Paul Eddy, Buckeye
*Petitioner*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

**C R U Z**, Judge:

¶1        Dennis Paul Eddy petitions this court for review from the dismissal of his petition for writ of habeas corpus, which the superior court treated as a petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.3(b) ("If a court receives any type of application or request for relief—however titled—that challenges the validity of the defendant's conviction or sentence following a trial, it must treat the application as a petition for post-conviction relief."). We grant review and relief in part by remanding a claim Eddy raised that does not challenge the validity of his conviction or sentence. We otherwise deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2        A jury convicted Eddy in 1986 of several crimes including first-degree burglary and aggravated assault. The superior court sentenced him to concurrent prison terms, the longest being 25 years to life. Because Eddy committed the offenses before 1994, he had a right to seek release on parole. *See* Arizona Revised Statutes ("A.R.S.") section 41-1604.09.

¶3        Eddy was certified as parole eligible in 2017. *See Eddy v. State*, 1 CA-HC 17-0006, 2018 WL 3731000, at *1, ¶¶ 3-5 (Ariz. App. Jul. 31, 2018) (mem. decision). The Board of Executive Clemency ("Board") has apparently denied him parole at least three times, after hearings in October 2017, November 2018, and April 2020.

¶4        In November 2020, Eddy filed a petition for writ of habeas corpus, which is the subject of this review proceeding.[1] The petition is dozens of pages long and contains a broad range of grievances. Some issues raised—such as ineffective assistance of counsel, double jeopardy, newly discovered evidence, and an unlawful sentence—have been asserted, or

_____

[1]        Eddy styled the document as a "supplement" to a petition for writ of habeas corpus filed in June 2020, but the superior court found no record of any habeas petition filed in June 2020.

could have been asserted, in one of Eddy's many previous proceedings for post-conviction relief.

¶5 Eddy's petition also challenges the parole-hearing process. He complains that while the Board has repeatedly cited his mental health issues and lack of a "release plan" as reasons to deny parole, the Board and the Arizona Department of Corrections, Rehabilitation and Reentry ("ADOC") have disregarded statutory obligations that would enable him to satisfy the Board's concerns. Eddy asserts that the conduct of the Board and ADOC have deprived him of due process. He also complains that in evaluating his parole applications, the Board has relied on erroneous information from the presentence report in his case while discounting relevant factors including his mental health history and errors made in his proceedings. Such alleged errors apparently include Eddy's allegations of newly discovered evidence, double jeopardy, and sentencing discrepancies.

¶6 The State urged the superior court to treat Eddy's habeas filing as a petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32.3(b) and to summarily dismiss it because his claims were precluded or not colorable. Responding to Eddy's complaints about the parole proceedings, the State argued the court should "dismiss any claims related to the ADOC" because Eddy had "previously raised claims related to the ADOC in his post-conviction proceedings" and both the superior court and court of appeals had ruled that the courts lacked authority over Board or ADOC decisions on an inmate's parole eligibility.

¶7 In a reply brief, Eddy accused the State of "totally misconstru[ing] what this case is all about." He contended that his challenge to the Board was appropriately brought through a habeas petition rather than a petition for post-conviction relief.

¶8 Accepting the State's argument, the superior court treated Eddy's habeas filing as a petition for post-conviction relief and summarily dismissed it on the ground that all issues raised were precluded because they had either been previously adjudicated on the merits or could have been presented in a previous proceeding for post-conviction relief. *See* Ariz. R. Crim. P. 32.2(a)(2), (3). Eddy petitions for review, contending that his challenge to the parole hearing process should not be adjudicated under the rules for post-conviction relief.

**DISCUSSION**

¶9 We review the superior court's summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Amaral*,

3

239 Ariz. 217, 219, ¶ 9 (2016). The court abuses its discretion if it "makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶10**　　　Rule 32.3(b) requires the superior court to treat "any type of application or request for relief—however titled—that challenges the validity of the defendant's conviction or sentence following a trial" as a petition for post-conviction relief. Here, insofar as Eddy's habeas petition presented claims challenging his sentence or his attorneys' representation, the superior court properly treated those issues as claims for post-conviction relief. Eddy's petition for review does not challenge the court's dismissal of such claims.

**¶11**　　　Eddy's argument that he was deprived of due process during the parole hearing procedure, however, does not challenge the validity of his convictions or sentences. Nor does the record show he litigated the issue previously.[2] Although Eddy's petition and reply are not a model of clarity, the submissions show an attempt to raise parole-process claims that fall outside the purview of Rule 32.

**¶12**　　　"This court has held that [A.R.S.] section 31-412(A) creates a constitutionally-protected liberty interest in parole release." *Borchers v. Ariz. Bd. of Pardons & Paroles*, 174 Ariz. 463, 467 (App. 1992) (citing *Stewart v. Ariz. Bd. of Pardons & Paroles*, 156 Ariz. 538, 543 (App. 1988)). The superior court may consider claims that an inmate was denied due process in a parole proceeding. *See Foggy v. Ariz. Bd. of Pardons & Paroles*, 108 Ariz. 470, 471 (1972) (holding the superior court "has the power to review proceedings of the Board to determine the absence of due process in the conduct of a parole hearing" but the court lacks authority to review the Board's actual "decisions"); *see also Cooper v. Ariz. Bd. of Pardons & Paroles*, 149 Ariz. 182, 184 (1986) ("Due process requires that judicial review be available to insure that the requirements of due process have been met and that the parole board has acted within the scope of its powers.").

**¶13**　　　Although a petition for writ of habeas corpus is not the proper vehicle for a claim asserting the deprivation of due process in a parole

---

[2]　　　Eddy has initiated three prior, unsuccessful proceedings relating to parole. In 2017, he petitioned for both post-conviction and habeas corpus relief on the ground that ADOC had unlawfully extended his parole eligibility date. In 2019, he petitioned for post-conviction relief arguing that A.R.S. § 31-402(A)'s grant of authority to the Board violated his First Amendment right to petition the government.

proceeding, the superior court may treat the petition as a special action. *See Stevenson v. Ariz. Bd. of Pardons & Paroles*, 109 Ariz. 412, 413 (1973) (treating the pro se defendant's habeas corpus petition asserting a due process violation in parole proceedings as an application for writ of special action after observing that "[p]ro se habeas corpus relief should be liberally construed and read with a measure of tolerance" and "[r]eviewing courts authorized to grant relief by extraordinary writs are inclined to grant appropriate relief notwithstanding the erroneous labeling of the writ applied for"); *Foggy v. Eyman*, 110 Ariz. 185, 186 (1973) ("The trial court had jurisdiction to hear the [defendant's petition for writ of habeas corpus challenging the parole board's conduct] despite the apparent mislabeling of the nature of relief requested as habeas corpus.") (citing *Stevenson*, 109 Ariz. at 412).

¶14    Because Eddy's claims about the process afforded him in his parole proceedings did not challenge the validity of his convictions or sentences under Rule 32.3(b), he is entitled to an opportunity for further consideration of those claims. We defer to the superior court on the extent to which Eddy's parole-related claims are reviewable, whether they have any merit, and how to treat such claims when presented in a petition for writ of habeas corpus.

## CONCLUSION

¶15    We grant review and relief by remanding Eddy's petition for consideration of his parole-related claims consistent with this decision. We otherwise deny relief.

