IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

―――――――――――――――

THE STATE OF ARIZONA,
*Respondent*,

*v.*

TIMOTHY ALLEN HAGERTY,
*Petitioner*.

No. 2 CA-CR 2022-0155-PR
Filed April 13, 2023

―――――――――――――――

Petition for Review from the Superior Court in Pinal County
No. S1100CR202101250
The Honorable Matthew S. Reed, Judge Pro Tempore

**REVIEW GRANTED; RELIEF DENIED**

―――――――――――――――

COUNSEL

Kent P. Volkmer, Pinal County Attorney
By Thomas C. McDermott, Deputy County Attorney, Florence
*Counsel for Respondent*

Rosemary Gordon Pánuco, Tucson
*Counsel for Petitioner*

---

**OPINION**

---

Chief Judge Vásquez authored the opinion of the Court, in which Presiding Judge Eppich and Judge Gard concurred.

---

V Á S Q U E Z, Chief Judge:

¶1        Timothy Hagerty seeks review of the trial court's order summarily dismissing his petition for post-conviction relief filed pursuant to Rule 33, Ariz. R. Crim. P.  We will not disturb that ruling unless the court abused its discretion.  *See State v. Roseberry*, 237 Ariz. 507, ¶ 7 (2015).  Hagerty has shown no such error.

¶2        At an early disposition proceeding in August 2021, Hagerty pled guilty to possession of a dangerous drug and was sentenced to a three-year prison term.  Before entering his plea, Hagerty was shown a video advising him of his constitutional rights.  The trial court later confirmed during the plea colloquy that Hagerty had watched that video and that he had no questions about his rights.  The court thus "incorporate[d] a transcript of the video recording into the record,"[1] found Hagerty's waiver was knowing, voluntary, and intelligent, and accepted the plea.

¶3        Hagerty sought post-conviction relief, arguing the video advisement violated Rule 17.2, Ariz. R. Crim. P., because the trial court did not advise Hagerty of his rights "in person."  Thus, he asserted, his constitutional rights were violated and he was entitled to relief under Rule 33.1(a).  The trial court summarily dismissed the petition.  It noted, first, that the advisement video had been shown to Hagerty before each of several hearings in his case and that during the plea colloquy Hagerty confirmed he understood his rights.  Additionally, the court confirmed that Hagerty had stated he reviewed his plea agreement, which also identified his rights, with his attorney.  Thus, the court found, Hagerty "was advised of his rights, and he knowingly, intelligently, and voluntarily waived those rights in accordance with Rule 17.2 and 17.3."  This petition for review followed.

---

[1]No such transcript appears in our record.

¶4        On review, Hagerty repeats his claim that the video advisement does not comply with Rule 17.2 and, thus, he is entitled to relief under Rule 33.1(a).[2] He correctly observes that a plea is valid only if the defendant knowingly, voluntarily, and intelligently waives applicable constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *see also* Ariz. R. Crim. P. 17.1(b). To ensure compliance with this prerequisite, Rule 17.1(b) requires the trial court to "use the procedures in Rules 17.2, 17.3, and 17.4." Rule 17.2(a), relevant here, requires the court, before accepting a guilty plea, to "address the defendant personally, inform the defendant of the following, and determine that the defendant understands:" the nature of the charges, the possible sentences, the constitutional rights waived by the guilty plea, the right to plead not guilty, and the waiver of the right to appeal.

¶5        We agree with Hagerty that a prerecorded video presentation of the mandatory advisement shown outside of the trial court's presence does not comply with Rule 17.2(a).[3] Rule 17.2(a) requires the court to address the defendant personally to accomplish two goals: to "inform the defendant of the" relevant matters, including the constitutional rights waived by pleading guilty, and to "determine that the defendant understands." *See State v. Ibarra*, 254 Ariz. 320, ¶ 10 (App. 2022) (rule's plain language is best indicator of supreme court's intent). The interpretation asserted by the state and apparently adopted by the trial court would mean the court need only address the defendant personally to ascertain the defendant's understanding. But that is not what the rule says. There is no textual basis in the rule to apply the requirement that the court address the defendant personally for one purpose and not the other.

¶6        The exception to Rule 17.2(a) further demonstrates our supreme court's intent that the Rule 17.2 advisement be given in person. Rule 17.1(f) permits limited jurisdiction courts to take pleas telephonically

---

[2] Hagerty devotes a considerable portion of his petition to an argument that he was "reluctant" to plead guilty. Hagerty does not explain, however, why this would be relevant to whether the video advisement complied with Rule 17.2.

[3] We express no opinion on the use of group advisements in which a trial court advises multiple defendants at the same time in open court or where a prerecorded audio or video presentation of the mandatory advisement is provided to multiple defendants in open court in the presence of the trial court.

and, in narrow circumstances, by mail. For a telephonic plea to be valid under Rule 17.1(f), defendants must provide a document stating they have read and waived applicable constitutional rights. Ariz. R. Crim. P. 17.1(f)(1)(B)(i). Despite mandating this written advisement and avowal, the rule nonetheless requires the court to hold "an in-person or telephonic hearing" at which it "advise[s] the defendant" of the applicable constitutional rights. Ariz. R. Crim. P. 17.1(f)(1)(D); Ariz. R. Crim. P. Form 28. Thus, the telephonic hearing option available in limited jurisdiction courts does not, somehow, authorize what occurred in this case. [4] Accordingly, the recorded group advisement apparently used here, which was not provided in open court when the judge was on the bench, was not authorized by Rule 17.2(a).

¶7 Hagerty, however, is not entitled to relief. A violation of Rule 17.2 does not necessarily mean that the defendant's constitutional rights were violated nor that the plea was not knowing, voluntary, and intelligent. Instead, "[w]hen the defendant claims his plea was unknowing and therefore involuntary, the question is not simply what the defendant was told in court but what he knew from any source." *State v. Crowder*, 155 Ariz. 477, 479 (1987), *overruled in part on other grounds by E.H. v. Slayton*, 249 Ariz. 248, ¶ 26 (2020); *see also State v. McVay*, 131 Ariz. 369, 372 (1982) (plea knowing, voluntary, and intelligent if "defendant did, in fact, know the rights he was waiving" despite defective colloquy).

¶8 Hagerty does not dispute that his attorney reviewed his plea agreement with him. Nor does he claim that he did not understand the rights he was waiving. He does not assert that the prerecorded advisement was incomplete. Although he speculates that the prerecorded advisement may not have played fully or properly, he identifies no evidence supporting this claim.[5] Notably, Hagerty did not provide an affidavit asserting that the

---

[4] Indeed, the only situation in which the rules do not require a personal advisement is a plea by mail, available only in limited jurisdiction courts in limited circumstances, when "a personal appearance by the defendant would constitute an undue hardship such as illness, physical incapacity, substantial travel distance, or incarceration." Ariz. R. Crim. P. 17.1(f)(2)(A). If the supreme court intended to authorize that procedure in any other context, particularly in the context of felony offenses, it would have said so.

[5] During his post-conviction proceeding, Hagerty was provided an apparently defective copy of the recorded advisement. He suggests this defective copy shows he did not receive the full advisement. But he has not

entire recorded video advisement was not played nor, indeed, that he had not been fully apprised of his rights. *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits . . . available to the defendant supporting the allegations in the petition.").

¶9  We grant review but deny relief.

---

claimed that a defective copy of the recorded advisement was played at the early disposition proceeding before he entered his plea.