NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

STEPHEN WESLEY WARD, *Petitioner.*

No. 1 CA-CR 24-0245 PRPC

FILED 04-10-2025

Petition for Review from the Superior Court in Maricopa County
No. CR1992-092193
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Timothy J. Agan, James P. Leonard
*Counsel for Petitioner*

---

## MEMORANDUM DECISION

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge David D. Weinzweig joined.

---

**K I L E Y**, Judge:

**¶1** Petitioner Stephen Wesley Ward challenges the superior court's order denying his petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. For the following reasons, we grant review and deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2** After a 1994 jury trial, Ward was convicted of first-degree murder, sexual assault, and burglary. All three convictions arose out of an incident in 1992 involving one victim. Ward was 17 years old at the time of the crimes.

**¶3** The court sentenced Ward to life imprisonment without the possibility of parole for twenty-five years for the murder, eighteen years for the sexual assault, and fifteen years for the burglary. The sentences for sexual assault and burglary are concurrent to one another and consecutive to the life sentence. We affirmed his convictions and sentences on appeal. *State v. Ward*, 1 CA-CR 95-0704 (Ariz. App. Nov. 18, 1995) (mem. decision). Prior to this petition, Ward sought post-conviction relief three times; relief was denied each time.

**¶4** In 2012, the United States Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012), in which it held that the imposition of mandatory life-without-parole sentences on juvenile offenders violated the Eighth Amendment. *Id.* at 489. The Court further held, in 2016, that the *Miller* rule was "retroactive." *Montgomery v. Louisiana*, 577 U.S. 190, 208-09 (2016). That same year, the Arizona Supreme Court held in *State v. Valencia*, 241 Ariz. 206 (2016), that petitioners "are entitled to evidentiary hearings on their Rule 32.1(g) petitions [when] they have made colorable claims for relief based on *Miller*." *Id.* at 210, ¶ 18.[1]

---

[1] *Valencia* has since been overruled. *State ex rel. Mitchell v. Cooper*, 256 Ariz. 1, 11, ¶¶ 41-47 (2023).

**¶5**          In January 2017, Ward again filed a notice requesting post-conviction relief, this time asserting that *Miller*, *Montgomery*, and *Valencia* effected a significant change in the law that would probably overturn his sentences. *See* Ariz. R. Crim. P. 32.1(g). In March 2017, the superior court appointed counsel to Ward and other like defendants with claims based on *Miller*, *Montgomery*, and *Valencia*. Though Ward and the other defendants were not sentenced to life in prison without the possibility of parole, each claimed that the "imposition of . . . consecutive sentences . . . [was] the 'functional equivalent' of a natural life sentence without parole" and therefore a violation of the Eighth Amendment. *Cf. Miller*, 567 U.S. at 489. Over the next few years, the superior court stayed post-conviction relief proceedings in these cases multiple times due to pending decisions that the court found "could impact the manner in which the similarly situated cases should be addressed as well as the substance of the claims." In 2022, the superior court lifted the remaining stay order because it found "the issues presented among these similarly-situated defendants [were] ripe for determination."

**¶6**          Once the stay was lifted, Ward filed his fourth PCR petition, arguing that he was entitled to relief based on *Miller*, *Montgomery*, and *Valencia*. *See* Ariz. R. Crim. P. 32.1(g). Ward asserted that his sentences amount to a de facto life sentence in violation of the Eighth Amendment to the United States Constitution, that *Valencia* entitled him to an evidentiary hearing on his claim, and that because the Board of Executive Clemency did not provide him with "a meaningful opportunity for release" from his de facto life sentence by failing to consider his youth and any subsequent rehabilitation, he is "entitled to be resentenced to concurrent sentences." After briefing, the superior court summarily dismissed his PCR petition, relying in part on the holding of *State v. Soto-Fong*, 250 Ariz. 1, 11, ¶ 44 (2020), that the imposition of de facto life sentences on juvenile offenders does not violate the Eighth Amendment. Ward timely petitioned for appellate review.

## DISCUSSION

**¶7**          A defendant is generally precluded from relief under Rule 32 when the petition is based on any ground that could have been asserted in a previous post-conviction relief petition or on appeal. *See* Ariz. R. Crim. P. 32.2(a)(3). Rule 32.1(g) is excepted from this provision. Ariz. R. Crim. P. 32.2(b) (claims based on Rule 32.1(b) through 32.1(h) are not subject to preclusion under Rule 32.2(a)(3)). This exception serves to "codif[y] the federal rule on retroactivity." *State v. Evans*, 252 Ariz. 590, 595, ¶ 10 (App. 2022) (citation omitted). Thus, Ward's claim is not precluded.

**¶8** To be eligible for post-conviction relief under Rule 32.1(g), a petitioner must show "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." Ariz. R. Crim. P. 32.1(g). Dismissal is appropriate when a petition for post-conviction relief presents no "material issue of fact or law that would entitle the defendant to relief." Ariz. R. Crim. P. 32.11(a). We review a trial court's order dismissing a petition for post-conviction relief for an abuse of discretion. *State v. Hagerty*, 255 Ariz. 112, 114, ¶ 1 (App. 2023). It is the petitioner's burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We review constitutional issues de novo. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (citation omitted).

## I. Eighth Amendment

**¶9** Ward first argues that the superior court erred in following *Soto-Fong*, contending that *Soto-Fong* is contrary to the federal constitutional prohibition on cruel and unusual punishment. *See* U.S. Const. amend. VIII; *see also Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding that the Eighth Amendment prohibits the imposition of a life sentence without parole on a juvenile offender who did not commit homicide); *Miller*, 567 U.S. at 489 (holding a sentencing scheme mandating life without the possibility of parole for juvenile offenders contrary to the Eighth Amendment); *Montgomery*, 577 U.S. at 212-13 (holding that *Miller* applies retroactively, requiring either consideration for parole or an "opportunity" for defendants "to demonstrate rehabilitation").

**¶10** In *Soto-Fong*, the Arizona Supreme Court held that imposing consecutive sentences on a juvenile that, in the aggregate, exceed the juvenile's life expectancy do not violate the Eighth Amendment. 250 Ariz. at 3, ¶ 1. *Soto-Fong* squarely addressed the authorities Ward relies on — *Graham*, *Miller*, and *Montgomery* — concluding that these cases "do not prohibit de facto juvenile life sentences." *Soto-Fong*, 250 Ariz. at 8, 11, ¶¶ 28, 46 ("*Graham*, *Miller*, and *Montgomery* do not involve de facto life sentences for juveniles, nor do their holdings implicate such sentences."). We, like the superior court, are bound to follow *Soto-Fong*. *See State v. McPherson*, 228 Ariz. 557, 562, ¶ 13 (App. 2012).

**¶11** Further, the record does not establish that the aggregate total of Ward's consecutive sentences exceeds his life expectancy. At sentencing, Ward had the possibility of release after forty-three years. He became eligible for parole on his life sentence after twenty-five years and has

4

appeared before the Board of Executive Clemency seeking parole multiple times. In the event he is granted parole from his life sentence, Ward will begin serving his concurrent 18-year and 15-year sentences for sexual assault and burglary, respectively. His sentences are therefore neither a de facto life sentence nor consecutive sentences that exceed his life expectancy. Ward thus failed to establish a colorable claim that *Miller*, *Montgomery*, and *Valencia* effected a significant change in the law that would probably overturn his sentences. *See* Ariz. R. Crim. P. 32.1(g).

## II.     *Valencia* **Hearing**

**¶12**         The court in *Valencia* held that juveniles sentenced to life in prison without the possibility of parole have the right to an evidentiary hearing to afford them the "opportunity to establish . . . that their crimes did not reflect irreparable corruption but instead transient immaturity." 241 Ariz. at 210, ¶ 18.

**¶13**         The superior court denied Ward's request for a *Valencia* hearing, distinguishing Ward's case because he "was not sentenced to natural life." Ward challenges this ruling, asserting that he is entitled to an evidentiary hearing because, he contends, "federal law requires that before a juvenile offender can be sentenced to life in prison, the court must properly consider youth and if the crime was a product of transient immaturity."

**¶14**         As noted *supra* ¶ 10, the Arizona Supreme Court has held that the holding in *Miller* does not implicate de facto life sentences for juveniles. *Soto-Fong*, 250 Ariz. at 8, ¶ 28. Further, as Ward concedes in his PCR petition, *Valencia* has been overruled. *See State ex rel. Mitchell v. Cooper*, 256 Ariz. 1, 12, ¶ 47 (2023). The superior court did not abuse its discretion in denying Ward's request for a *Valencia* hearing.

## III.    **Board of Executive Clemency**

**¶15**         Finally, the superior court rejected Ward's claim "that the Board of [Executive] Clemency does not provide a meaningful opportunity for release," holding that it was "precluded from reviewing decisions" of that board absent "showing of a due process violation or that the [b]oard exceeded the scope of its powers." *See Stinson v. Ariz. Bd. of Pardons and Paroles*, 151 Ariz. 60, 61 (1986); *see also* A.R.S. § 31-402(A) (noting that the "board of executive clemency shall have exclusive power to pass on and recommend reprieves, commutations, paroles and pardons").

¶16 Ward did not argue in his petition that he was denied due process in his parole proceedings or that the Board of Executive Clemency exceeded the scope of its powers. Additionally, this court has already concluded that juvenile offenders sentenced to life with the possibility of release after a term of calendar years are provided an "opportunity for parole" compliant with the constitutional requirements of *Miller*. *See State v. Vera*, 235 Ariz. 571, 578, ¶¶ 18, 26-27 (App. 2014) (concluding that the legislature's 2014 enactment of A.R.S. § 13-716, addressing the parole eligibility of juvenile offenders sentenced to life imprisonment, remedied any claim that a life sentence without the possibility of release for a minimum number of years was unconstitutional because it provides "some meaningful opportunity to obtain released based on demonstrated maturity and rehabilitation" (quotation omitted)). Therefore, the superior court did not abuse its discretion in finding that Ward had not raised a colorable claim for relief.

**CONCLUSION**

¶17 For the reasons stated above, we hold that the superior court did not abuse its discretion in dismissing Ward's petition for PCR and, therefore, we deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR